FILED

JUN 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Selwyn G. Darbeau**
**3338 Croffut Place, SE**
**Washington, DC 20019-2437**
**(202) 584-0286**

***Plaintiff***

**Vs.**

**Library of Congress**
**101 Independence Ave., SE**
**Washington, DC 20540**

**Equal Employment Opportunity Commission**
**1800 L Street, NW**
**Washington, DC 20502**

**Progressive Technology Federal Systems**
**4520 East West Highway, Suite 510**
**Bethesda, MD 20815**

**Ursula Y. Holmes**
**Supervisory Contract Specialist**
**Office of Contracts and Grants Management**
**Library of Congress**
**Adams Building - LA 325.**
**101 Independence Ave., SE**
**Washington, DC 20540**

***Defendants***

CASE NUMBER 1:06CV01081

JUDGE: Ellen Segal Huvelle

DECK TYPE: Employment Discrimination

DATE STAMP: 06/14/2006

JURY ACTION

# COMPLAINT[1]

Plaintiff complains of defendants, jointly and severally, alleges:

I.

**PARTIES:**

(a) ***Plaintiff***, a contract specialist, over 40 years of age, worked as an employee-at-will at the Library of Congress (LOC) pursuant to terms of a contract made between Progressive Technology Federal System (PTFS) and the Library, performing contract specialist duties in the Contracts Section, Contracts and Grants Management Office, in support of the library and library sponsored programs requiring contract action to acquire products and services through negotiation..

(b) ***The Library of Congress (hereafter "LOC" or "Library")*** is the National Library of the United States. The Library's primary responsibility is service to Congress, which includes the entire governmental establishment and the public at large. The Library was established by Act of April 24, 1800 (2 Stat. 56). The Library's scope of responsibility has been widened by subsequent legislation (2 U.S.C. 131-168d)..

(c) ***The Equal Employment Opportunity Commission (hereafter "EEOC")*** was created by Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e-4), and became operational July 2, 1965. The EEOC enforces laws which prohibit discrimination based on race, color, religion, sex, national origin, disability, or age in hiring, promoting, firing, setting wages, testing, training, apprenticeship, and all other terms and conditions of employment.

(d) ***Progressive Technology Federal Systems, Inc. (hereafter "PTFS")*** is a Maryland Corporation, the Principal office of which is in Bethesda, Maryland. PTFS is a leading systems integration company that specializes in digital archiving, content digitization, and library services and solutions. They offer

---

[1] ECPA, 18 USC §§ 2510 (12), 2510 (17) (A), (B) and 2510 (14), (15).
45(8) The Practical Lawyer 29, at 32, 39, 42 (1999)
"E-mail: Property Rights vs. Privacy Rights in the Workplace" by Erik J. Belanoff, Evan J. Spelfogel and Maureen K. Bogue.

integrated turnkey systems as well as on-site and off-site professional services such as archives digitization, back file conversion, consulting, and staffing services. Since its inception in 1995, they have served over one hundred libraries, archives, and organizations in government and commercial sectors throughout the United States.

(e) ***Ursula Y. Holmes[2], Supervisory Contract Specialist,*** Library of Congress, Office of Contracts and Grants Management (LA 325). Manages the team's workload to ensure requests are processed in a timely manner, in accordance with all applicable federal acquisition regulations and LOC policies. Provide guidance and support to the team members in all areas as needed; serve as Contracting Officer for acquisitions above the signature level of the Senior Contract Specialists.

II.

**JURISDICTION:**

The courts jurisdiction is invoked under the provisions of laws, to name:

(a) The Equal Employment Opportunity Commission (EEOC) issued the Dismissal and Notice of Rights[3] dated March 30 2006;

(b) 28 USC §1331, as arising under the Constitution and the Laws of the United States;

(c) 28 USC §1332, in that there exist a diversity of citizenship of the parties and the matter in dispute, exceeds exclusively of interest and cost, $75,000.

III

**ACTIONS:**

Defendant, Ursula Y. Holmes, asserted electronically, while acting within the scope of her employment, to wit:

"(a) He is unable to effectively manage his workload;

(b). I consistently receive phone calls and emails from our customers regarding his failure to follow up or simply respond to their request

---

[2] Commenced employment on or about October 8, 2005, and supervised plaintiff.

[3] 42 USC § 2000e-5(f)

for updates;

(c). I am rarely able to sign the documents Selwyn prepares for my signature when initially submitted due to his inability to catch typographical errors as well as process errors;

(d). Selwyn has not grasped the use of the Library's electronic acquisition system (Momentum) as his data entries often require the assistance of our IT staff to fix errors;

(e). On several occasions, Selwyn has promised to "get back to me" with the status of an assignment and he has failed to do so. In addition, he has given me updates on assignments that were false which caused me to provide inaccurate information to our customers."

- Defendant, Holmes, acting through PTFS falsely told PTFS that plaintiff should be discharged for reasons of incompetence;
- Defendant, Holmes, knew or should have known that her statements concerning plaintiff were false, made without reasonable grounds or belief of its truth, and without reasonably adequate investigation. Defendant published the statements maliciously with knowledge of its falsity or with reckless disregard of its truth. Defendant's upper management, including PTFS were involved in the inadequate investigation and the decision to discharge plaintiff, and expressly authorized the statements, and;
- Defendant's false statements injured Plaintiffs reputation among his former co-workers, future employers including PTFS, caused severe emotional distress, humiliation, and embarrassment, and caused special damages in the form of lost income of Three Hundred Sixty Thousand Dollars ($360,000.) and punitive damages in the form of Three Hundred Thousand Dollars ($300,000.).
- Plaintiff is and has been for a number of years past, a qualified contract specialist.

IV.

**EQUITABLE BILL OF DISCOVERY[4]:**

Statutory discovery is inadequate in the case at bar. Ergo, an equitable bill is needed. Plaintiff moves the Court for an Order directing the defendants jointly and severally to produce documents, to name

- All EEOC investigation documents and memorabilia, pertaining to Charge No. 570-2006-00384;
- A Copy of the Contract between Progressive Technology Federal Systems (PTFS) and the Library of Congress, Contracts and Grants Management Office;
- Copies of all "Contracts Team Meeting Agenda", documents and memorabilia pertaining thereto;
- Copies of all Library of Congress EEO Complaints Office Investigation, documents and memorabilia pertaining thereto....

**WHEREFORE,** Plaintiff request judgment against Defendants jointly and severally, as follows:

1. Compensatory damages in the amount of Three Hundred Sixty Thousand Dollars ($360,000).

2. Punitive damages for injury to reputation, emotional distress, humiliation, and embarrassment, in the amount of Three Hundred Thousand Dollars ($300,000.).

3. Costs and attorney fees, 42 USC § 1988; and any other relief that the court considers proper.

4. Trial by Jury of all factual issues.

Selwyn G. Darbeau
Pro se

3338 Croffut PISE
Washington DC 20019
(202) 584-0286

[4] Cf. Wolfe v. Mass. Port Authority, 366 Mass. 417 (1974)