IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIBRARY OF CONGRESS, et al., )<br>)<br>Defendants. )<br>)<br>) | Case No.: 1:06cv01081<br>Judge Ellen Segal Huvelle<br>(Deck Type: Employment Discrimination) |

### DEFENDANT PROGRESSIVE TECHNOLOGY FEDERAL SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The defendant, Progressive Technology Federal Systems, Inc. ("PTFS"), by and through its attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, submits this Memorandum of Points and Authorities in support of its Motion To Dismiss the Plaintiff's Complaint for failure to state a claim upon which relief can be granted against it and states as follows:

1.   As this Honorable Court has recognized, a motion to dismiss should be granted where it is clear that no relief could be granted under any set of facts consistent with the allegations. See, Price v. Phoenix Home Life Insurance Company, 44 F. Supp. 2d 28 (U.S. D.C. 1999)(*Pro se* plaintiff's complaint dismissed where complaint failed to state a claim upon which relief could be granted).  Aside from mentioning that he is over forty (40) years of age, the plaintiff fails to even set forth sufficient allegations in his pleading upon which legitimate claims for relief could be built against the defendant PTFS.  The Complaint merely attacks the truth of the reasons apparently advanced by the defendant, The Library of Congress, for the removal of

the plaintiff from its operation. While the plaintiff suggests that his termination from employment might have been mistaken and contests the characterization that he was incompetent, the plaintiff does not in his pleading allege that his termination was as a result of illegal discrimination.[1] The allegations made in the plaintiff's complaint do not contain any basis for even a claim of illegal discrimination against the defendant PTFS with respect to the plaintiff's termination. The Complaint, and the plaintiff's charge with the EEOC, only concern the adequacy of the investigation made by the defendant PTFS into the reasons for its client's dissatisfaction with the plaintiff. Neither the charge of discrimination or the complaint attribute any acts of illegal discrimination to the defendant PTFS.

    2.    Similarly, the plaintiff's claim as to the false statements made about him do not state a claim. Defamation complaints must be plead with particularity, and include the time, place, content, speaker, and listener of the alleged defamatory matter. <u>Wiggins v. Philip Morris, Inc.</u>, 853 F. Supp. 458, (U.S.D.C. 1994). The plaintiff's Complaint is therefore deficient since he alleges only that the defendant, Ursula Y. Holmes, made electronic assertions concerning his performance. Certainly, the opinions offered by Ms. Holmes, as alleged by the plaintiff, only rise to the level of being offensive or unpleasant, if untrue. <u>See</u>, <u>Howard Univ. v. Best</u>, 484 A.2d 958, 989 (1984)(To qualify as defamation, a statement must cause the plaintiff to appear "odious, infamous, or ridiculous."). The plaintiff has no legitimate claim for defamation because he is viewed as unqualified or incompetent by his employer's client. Since the plaintiff could be discharged for any reason since his employment was at will and since the plaintiff makes no

---

[1] The defendant PTFS does concede that the plaintiff's EEOC charge did complain of illegal discrimination.

allegation that the statements made about his performance, even if untrue, were published to a third-party outside of the contractual relationship between the defendant PTFS and the defendant, The Library of Congress, the plaintiff has not stated a viable defamation claim.

     3.     Under the circumstances, the plaintiff's Complaint should be dismissed because it fails to state any viable claims against the defendant PTFS, even with reference to the plaintiff's his previously filed EEOC charges.

     Respectfully submitted,

     JORDAN, COYNE & SAVITS, L.L.P.

By: _____/s/_____
   Deborah Murrell Whelihan #412454
   1100 Connecticut Avenue, N.W.
   Suite 600
   Washington, D.C. 20036
   (202) 296-4747

Attorneys for Defendant Progressive Technology Federal Systems, Inc.