IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU, )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>LIBRARY OF CONGRESS, et al., )<br>)<br>　　Defendants. )<br>)<br>)  | Case No.:  1:06cv01081<br>Judge Ellen Segal Huvelle<br>(Deck Type: Employment Discrimination) |

ANSWER OF DEFENDANT PROGRESSIVE TECHNOLOGY
FEDERAL SYSTEMS, INC. TO PLAINTIFF'S COMPLAINT

In accordance with Federal Rule of Civil Procedure 12, the defendant, Progressive Technology Federal Systems, Inc. ("PTFS"), by and through its attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, answers the plaintiff's Complaint and states as follows:

FIRST DEFENSE

The defendant PTFS avers that any and all allegations not affirmatively admitted herein are denied. Answering the enumerated paragraphs of the Complaint, the defendant PTFS states as follows:

1.　　As to paragraph (a) of Section I of the Complaint, the defendant PTFS admits that the plaintiff was employed at-will in the position of contract specialist, beginning on September 8, 2005 and ending on January 5, 2006.  The defendant PTFS further admits that the plaintiff's employment was dependent upon his satisfactory performance and upon the existence and terms of the contract between the defendant, The Library of Congress, and the defendant PTFS.

2. As to paragraphs (b) and (c) of Section I of the Complaint, the defendant PTFS is not required to answer the averments of paragraphs 2 and 3 as those averments are legal contentions concerning the defendants, The Library of Congress and the EEOC.

3. As to paragraph (d) of Section I of the Complaint, the defendant admits that it is a Maryland corporation with its principal office in Bethesda, Maryland. The defendant PTFS is a systems integration company which specializes in providing turnkey digital archives solutions and on-site staffing services for government and commercial entities and certainly believes that it is a leader in its industry niche. The defendant PTFS admits that it was formed in 1995.

4. As to paragraph (e) of Section I of the plaintiff's Complaint, the defendant PTFS admits that the defendant, Ursula Y. Holmes, was a contracting officer of the defendant, The Library of Congress, with certain employment duties and responsibilities to her employer in connection with the contract between PTFS and the defendant, The Library of Congress.

5. As to paragraph (a) of Section II of the plaintiff's Complaint, the defendant PTFS admits that the EEOC issued its notice of suit rights on March 30, 2006, after concluding its investigation into the charges of violations of Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act and after determining that it was unable to conclude that the information established violations of those statutes. As to paragraphs (b), and (c) of Section II of the plaintiff's Complaint, the defendant PTFS denies that jurisdiction exists based upon 28 USC §1332 because of diversity of citizenship and the defendant PTFS denies that the plaintiff's Complaint sets forth any basis for jurisdiction under 28 USC §1331.

6. As to Section III of the Complaint, the defendant PTFS admits that the plaintiff was hired by it as a contract specialist and that it was its understanding when it hired the plaintiff

that he was qualified and experienced for the position of contract specialist because of the representations that he made.  As to paragraphs (a), (b), (c), (d), and (e) of Section III of the Complaint, the defendant PTFS is without knowledge or information sufficient to form a belief as to the truth of those averments, beyond that the defendant PTFS is aware that the defendant, The Library of Congress, requested that the plaintiff not return to work with it, but has no reason to disbelieve the allegations made by the plaintiff in the Complaint concerning his performance as averred in Section III, paragraphs (a) through (e).  As to the unnumbered paragraphs of Section III of the Complaint, the defendant PTFS denies the remaining averments of those paragraphs.

      7.      As to Section IV, entitled "Equitable Bill of Discovery," the plaintiff is not entitled to the documents which he seeks, and his request for those documents made as part of his pleading is improper.

## SECOND DEFENSE

The plaintiff's Complaint fails to state any claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## THIRD DEFENSE

The defendant PTFS acted at all times based upon proper cause and in accordance with its contractual and legal responsibilities to its clients.

## FOURTH DEFENSE

The defendant PTFS did not violate any civil rights possessed by the plaintiff and acted at all times in an objectively reasonable manner with sufficient justification for its actions.  The defendant PTFS committed no acts of illegal discrimination against the plaintiff.

**FIFTH DEFENSE**

If the plaintiff has any legitimate damages, the defendants PTFS avers that the plaintiff has failed to mitigate his alleged damages by finding alternative employment.

**SIXTH DEFENSE**

The plaintiff is not entitled to punitive damages, and the plaintiff's claims for punitive damages are limited by statute and also barred by the absence of evil motive or malice on the part of the defendant PTFS. The plaintiff is not entitled to compensatory damages or costs and attorney's fees.

WHEREFORE, having fully answered the plaintiff's Complaint, the defendant, Progressive Technology Federal Systems, Inc., requests that the Complaint be dismissed <u>with prejudice</u> and that appropriate attorney's fees and costs be awarded against the plaintiff.

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P.


By:_____/s/_____
    Deborah Murrell Whelihan #412454
    1100 Connecticut Avenue, N.W.
    Suite 600
    Washington, D.C. 20036
    (202) 296-4747

Attorneys for Defendant Progressive Technology Federal Systems, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer of Defendant Progressive Technology Federal Systems, Inc. to Plaintiff's Complaint was mailed, postage prepaid, this <u>3rd</u> day of August, 2006, to:

> Mr. Selwyn G. Darbeau
> 3338 Croffut Place, S.E.
> Washington, D.C.  20019-2437;
>
> Library of Congress
> 101 Independence Avenue, SE
> Washington, D.C.  20540;
>
> Equal Employment Opportunity Commission
> 1800 L Street, N.W.
> Washington, D.C.  20005; and
>
> Ms. Ursula Y. Holmes
> Library of Congress
> 101 Independence Avenue, SE
> Adams Building - LA 325
> Washington, D.C.  20540;

                    /s/
                Deborah Murrell Whelihan