UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Selwyn G. Darbeau
3338 Croffut Place, SE
Washington, DC 20019-2437
(202) 584-0286

    *Plaintiff*

       Vs.                           Civil Action No.: 06-01081 (ESH)

Library of Congress
101 Independence Ave., SE
Washington, DC 20540

Equal Employment Opportunity Commission
1800 L Street, NW
Washington, DC 20502

Progressive Technology Federal Systems
4520 East West Highway, Suite 510
Bethesda, MD 20815

Ursula Y. Holmes
Supervisory Contract Specialist
Office of Contracts and Grants Management
Library of Congress
Adams Building - LA 325.
101 Independence Ave., SE
Washington, DC 20540

    *Defendants*

RECEIVED
AUG 15 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Amended COMPLAINT[1]

Plaintiff complains of defendants, jointly and severally, alleges:

I.

**PARTIES:**

(a) ***Plaintiff***, a contract specialist, over 40 years of age, worked as an employee-at-will[2] at the Library of Congress (LOC) pursuant to terms of a contract made between Progressive Technology Federal System (PTFS) and the Library, performing contract specialist duties in the Contracts Section, Contracts and Grants Management Office, in support of the library and library sponsored programs requiring contract action to acquire products and services through negotiation..

(b) ***The Library of Congress (hereafter "LOC" or "Library")*** is the National Library of the United States. The Library's primary responsibility is service to Congress, which includes the entire governmental establishment and the public at large. The Library was established by Act of April 24, 1800 (2 Stat. 56). The Library's scope of responsibility has been widened by subsequent legislation (2 U.S.C. 131-168d)..

(c) ***The Equal Employment Opportunity Commission (hereafter "EEOC")*** was created by Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e-4), and became operational July 2, 1965. The EEOC enforces laws which prohibit discrimination based on race, color, religion, sex, national origin, disability, or age in hiring, promoting, firing, setting wages, testing, training, apprenticeship, and all other terms and conditions of employment.

(d) ***Progressive Technology Federal Systems, Inc. (hereafter "PTFS")*** is a Maryland Corporation, the Principal office of which is in Bethesda, Maryland.

---

[1] ECPA, 18 USC §§ 2510 (12), 2510 (17) (A), (B) and 2510 (14), (15).
45(8) The Practical Lawyer 29, at 32, 39, 42 (1999)
"E-mail: Property Rights vs. Privacy Rights in the Workplace" by Erik J. Belanoff, Evan J. Spelfogel and Maureen K. Bogue.
[2] SORRELLS v. GARFINKEL'S, ET AL. 565 A 2d 285 (D.C. App. 1989)

2

PTFS is a leading systems integration company that specializes in digital archiving, content digitization, and library services and solutions. They offer integrated turnkey systems as well as on-site and off-site professional services such as archives digitization, back file conversion, consulting, and staffing services. Since its inception in 1995, they have served over one hundred libraries, archives, and organizations in government and commercial sectors throughout the United States.

(e) ***Ursula Y. Holmes[3], Supervisory Contract Specialist***, Library of Congress, Office of Contracts and Grants Management (LA 325).  Manages the team's workload to ensure requests are processed in a timely manner, in accordance with all applicable federal acquisition regulations and LOC policies.  Provide guidance and support to the team members in all areas as needed; serve as Contracting Officer for acquisitions above the signature level of the Senior Contract Specialists.

II.

**JURISDICTION:**

The court's jurisdiction is invoked under the provisions of laws, to name:

(a)    The Equal Employment Opportunity Commission (EEOC) issued the Dismissal and Notice of Rights[4] dated March 30 2006;

(b)    28 USC §1331, as arising under the Constitution and the Laws of the United States;

(c)    28 USC §1332, in that there exist a diversity of citizenship of the parties and the matter in dispute, exceeds exclusively of interest and cost, $75,000.

(d)    28 USC §1343

III

**ACTIONS:**

Defendant, Ursula Y. Holmes, asserted electronically, while acting within the scope of her employment, to wit:

---

[3] Commenced employment on or about October 8, 2005, and supervised plaintiff.
[4] 42 USC § 2000e-5(f)(3)

3

"(a)   He is unable to effectively manage his workload;

(b).   I consistently receive phone calls and emails from our customers regarding his failure to follow up or simply respond to their request for updates;

(c).   I am rarely able to sign the documents Selwyn prepares for my signature when initially submitted due to his inability to catch typographical errors as well as process errors;

(d).   Selwyn has not grasped the use of the Library's electronic acquisition system (Momentum) as his data entries often require the assistance of our IT staff to fix errors;

(e).   On several occasions, Selwyn has promised to "get back to me" with the status of an assignment and he has failed to do so. In addition, he has given me updates on assignments that were false which caused me to provide inaccurate information to our customers."

- Defendant, Holmes, acting through PTFS falsely told PTFS that plaintiff should be discharged for reasons of incompetence;

- Defendant, Holmes, knew or should have known that her statements concerning plaintiff were false, made without reasonable grounds or belief of its truth, and without reasonably adequate investigation. Defendant published the statements maliciously with knowledge of its falsity or with reckless disregard of its truth. Defendant's upper management, including PTFS were involved in the inadequate investigation and the decision to discharge plaintiff, and expressly authorized the statements, and;

- Defendant's false statements injured Plaintiffs reputation among his former co-workers, future employers including PTFS, caused severe emotional distress, humiliation, and embarrassment, and caused special damages in the form of lost income of Six Hundred Thousand Dollars ($600,000) and punitive damages in the form of Three Hundred Sixty Thousand Dollars ($360,000.).

- Plaintiff is and has been for a number of years past, a qualified contract specialist.

IV.

**EQUITABLE BILL OF DISCOVERY**[5]:

Statutory discovery is inadequate in the case at bar. Ergo, an equitable bill is needed. Plaintiff moves the Court for an Order directing the defendants jointly and severally to produce documents, to name

- All EEOC investigation documents and memorabilia, pertaining to Charge No. 570-2006-00384;
- A Copy of the Contract between Progressive Technology Federal Systems (PTFS) and the Library of Congress, Contracts and Grants Management Office;
- Copies of all "Contracts Team Meeting Agenda", documents and memorabilia pertaining thereto;
- Copies of all Library of Congress EEO Complaints Office Investigation, documents and memorabilia pertaining thereto.

V.

Pursuant to Rule 15 (a), Frcvp and LCv.R 5.4 (e)(3), the complaint is amended, to name:
(a)     . The Court's jurisdiction is invoked under the language, to name:
The ELECTRONIC COMMUNICATIONS PRIVACY ACT of 1986 ("ECPA"), Pub. L. No 99-508, 100 Stat. 1848, which amended Title III of the Omnibus Crime Control & Safe Streets Act of 1968 ("Title III"), 18 USCA §§ 2510 et seq
(b)     The ECPA generally prohibits the intentional interception or disclosure of electronic communications, as well as, unauthorized access to stored electronic communications.
(c)     Defendant PTFS failed to comply with its own regulations[6], which reads in part:

---

[5] Cf. Wolfe v. Mass. Port Authority, 366 Mass. 417 (1974)

[6] PTFS Employee Handbook, December 2005 – 2.10 (2) TERMINATION OF EMPLOYMENT

"Employment with PTFS is "at will" and may be terminated at any time by the employee or the Company without cause and without prior notice. An employee may also be terminated for cause, which may include, but is not limited to, violations of the standards set forth in this Employee Manual. ... In many circumstances, PTFS will provide oral and/or written warnings of inappropriate behavior in order to provide employees with notice and an opportunity to correct any problem(s). "

(d)    See, Federal Question Jurisdictional Amendments Act of 1980, Pub. L. No. 96-486, 94 Stat. 2369, § 1343(a) (3).

(e)    Where the United States is a party defendant, in the civil action, the District Courts have jurisdiction.

**WHEREFORE**, Plaintiff request judgment against Defendants jointly and severally, as follows:

1. Compensatory damages in the amount of Six Hundred Thousand Dollars ($600,000).

2. Punitive damages for injury to reputation, emotional distress, humiliation, and embarrassment, in the amount of Three Hundred Sixty Thousand Dollars ($360,000.).

3. Costs and attorney fees, 42 USC § 1988; and any other relief that the court considers proper.

4. Trial by Jury of all factual issues.

_Selwyn G. Darbeau_
Selwyn G. Darbeau
Pro se

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Amended Complaint has been mailed first class postage prepaid on __15__ August _____ 2006, to the following:

JORDAN, COYNE & SAVITS, L.L.P.
Deborah Murrell Whelihan #412454
1100 Connecticut Avenue, N.W.
Suite 600
Washington, DC 20036

Claire M. Whitaker
UNITED STATES ATTORNEY'S OFFICE
555 4th Street, NW
Suite E-4204
Washington, DC 20816

_____
**Selwyn G. Darbeau**
**3338 Croffut Place, SE**
**Washington, DC 20019-2437**
**(202) 584-0286**