UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SELWYN G. DARBEAU,

       Plaintiff,

       v.                      CIVIL ACTION NO.: 1:06CV01081 (ESH)

LIBRARY OF CONGRESS, ET AL,

       Defendants.

### MOTION TO DISMISS ON BEHALF OF DEFENDANT EEOC

Federal defendant, Equal Employment Opportunity Commission ("EEOC") moves this Court to dismiss this case pursuant to Fed. Civ. P. R. 12(b)(1) and (6). In support of this motion, the Court is respectfully referred to the attached memorandum of points and authorities. A proposed order is also attached.[1]

---

1 Plaintiff is pro se. Plaintiff is informed that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). To the extent that this Court dismisses the action under Rule 12(b)(6) after viewing it as a motion for summary judgment, plaintiff should take notice that any factual assertions contained herein may be accepted by the Court as true unless the plaintiff submits affidavit or other documentary evidence contradicting the assertions in the documents on which defendants rely. Fed. R. Civ. P. 56 (e), provides as follows:

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SELWYN G. DARBEAU,

Plaintiff,

v.                                          CIVIL ACTION NO.: 1:06CV01081 (ESH)

LIBRARY OF CONGRESS, ET AL,

Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANT EEOC'S MOTION TO DISMISS**

I. **STATEMENT OF THE CASE**

Plaintiff brings this action against EEOC, alleging dissatisfaction with the EEOC's "no cause" finding on his disability discrimination claim against her former employer, Progressive Technology Federal Systems, Inc. ("PTFS") in connection with her employment with the Library of Congress ("LOC" or "Library").   R. 1.

Plaintiff, a contract specialist, worked at the LOC pursuant to terms of a contract made between PTFS and the Library.  Plaintiff's supervisor at the Library sent an email to PTFS stating that he was not effectively managing his workload and that he was not grasping use of the Library's electronic systems and made numerous errors. R. 1, p.4.  Plaintiff was then fired from the project and filed a complaint with the Library of Congress.[1]  Plaintiff's complaint with the Library was dismissed and he was advised of his right to sue.  Plaintiff then filed a complaint with the EEOC's Washington Field Office on or about February 17, 2006, against both the LOC and PTFS.  The EEOC issued a no cause finding and Notice of Right to Sue based on the fact

---

[1] Pursuant to Title VII, section 717 (b), the Library of Congress does not fall under the jurisdiction of the EEOC.

that plaintiff's complaints were against the LOC and not his employer PTFS.    Plaintiff now moves the court for an order directing the Commission to produce all EEOC documents pertaining to his charge.  Copies of the closure documents were mailed to the plaintiff on March 30, 2006.  Plaintiff brings his suit pursuant to Title VII, 42 U.S.C. § 2000e et seq., as well as the Titles I and V of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

Plaintiff's allegations against the EEOC, even if true, are not properly before this Court because (1) the Court lacks jurisdiction over the subject matter, and (2) the Complaint fails to state a claim upon which relief can be granted.    Therefore, the Complaint should be dismissed as to the EEOC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I.    The Court Lacks Subject Matter Jurisdiction Over This Matter and Therefore the Complaint Should be Dismissed Under Rule 12(b)(1).

#### a.    Title VII & the ADA do not provide this Court with jurisdiction

Plaintiff cannot show that this Court has jurisdiction over her claims against the EEOC under Title VII, the Americans with Disabilities Act, or any other federal statute.  Federal district courts are courts of limited jurisdiction, derived solely from Congress' exercise of its authority to "ordain and establish" inferior courts under the Constitution.  Lockerty v. Phillips, 319 U.S. 182 (1943).  In other words, a federal court has jurisdiction over the subject matter of an action only if Congress has enacted a statute granting that jurisdiction.

Section 107 of the ADA, 42 U.S.C. 12117, incorporates the powers, remedies, and procedures of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., the statute that prohibits discrimination in employment on the bases of race, color, religion, sex, or national origin.  Title VII provides federal courts with three grants of jurisdiction:  (1) Section 706(f)(3),

42 U.S.C. § 2000e-5(f)(3); (2) Section 707(b), 42 U.S.C. § 2000e-6(b); and (3) section 717(c),

42 U.S.C. § 2000e-16(c).  Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3), authorizes federal courts

to hear enforcement actions brought against alleged discriminating employers by private parties,

the Attorney General or the EEOC.  Section 707(b), 42 U.S.C. § 2000e-6(b), grants the federal

courts jurisdiction over actions brought by the EEOC against persons engaged in patterns or

practices of resistance to the goals of Title VII.  Finally, Section 717(c), 42 U.S.C. §2000e-16(c),

provides federal employees who allege employment discrimination a right to proceed de novo

against their employers.  None of these sections authorizes individuals alleging discrimination by

a third party to file suit against the EEOC or its employees.  Although Title VII grants federal

courts jurisdiction to entertain suits against employers, the EEOC when not acting as an

employer is not a proper defendant in such suits.  Ward v. Equal Employment Opportunity

Comm'n, 719 F.2d 311, 313 (9th Cir. 1983).

### b. Sovereign Immunity bars any claim for relief by plaintiff

Plaintiff seeks monetary damages in the amount of $660,000.  Any claim for damages

from the EEOC is barred by sovereign immunity.  It is well established that the United States

cannot be sued unless sovereign immunity has be waived by statute.  United States v. Mitchell,

445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941).  The doctrine

applies to suits in which the United States is the named defendant as well as to suits in which a

federal agency or its officials are the named defendants.  Federal Deposit Insurance Corporation

v. Meyer, 510 U.S. 471, 475 (1994); Dugan v. Rank, 372 U.S. 609, 620 (1963).  A waiver of

sovereign immunity cannot be implied; it must be unequivocally expressed. Mitchell, 445 U.S. at

538; United States v. King, 395 U.S. 1 (1969).  A federal court is without jurisdiction to entertain

a suit against the Untied States or a federal agency for monetary damages unless there has been a

waiver of sovereign immunity. <u>United States v. Testan</u>, 424 U.S. 392 (1976). Plaintiff has not

identified any statute that waives sovereign immunity for the actions described in his complaint,

and the EEOC is aware of none. Therefore, the Court cannot exercise jurisdiction over any

claim for damages against the EEOC brought by plaintiff.

     *II.*    *The Complaint Fails To State A Claim Upon Which Relief May Be Granted Against the EEOC*

     Even if this Court possessed jurisdiction, the Complaint should be dismissed because it

fails to state a claim upon which relief can be granted. In order to sue the EEOC, or its

employees, the Plaintiff must demonstrate that Congress created a right of action against the

EEOC "either expressly or by clear implication." <u>See</u> <u>Warth v. Seldin</u>, 422 U.S. 490, 501

(1975). Unfortunately for Mr. Darbeau, federal courts unanimously agree that Title VII

enforcement provisions do not create a cause of action - either express or implied - against the

EEOC.

     Title VII creates no express cause of action against the EEOC or its employees. Sections

706 and 717 of Title VII, 42 U.S.C. 2000e-5 and 2000e-16, provide the explicit remedies for

individuals who believe that they are the victims of illegal employment discrimination. Such an

individual may file a charge with the EEOC and then, if necessary, bring suit in federal district

court against the alleged discriminating employer. As the United States Court of Appeals for the

Ninth Circuit observed in a similar case:

> Congress did not expressly create a cause of action against the EEOC by
> employees of third parties ... Only present or former employees of the EEOC (or
> applicants for employment) who allege an unlawful practice committed by the
> EEOC as an employer may bring a Title VII action against the EEOC.

<u>Ward v. Equal Employment Opportunity Comm'n</u>, 719 F.2d at 313. Plaintiff in the instant case

was not employed by the EEOC. Therefore, he has no cause of action against the EEOC under

4

Title VII.

Title VII also creates no implied right of action by charging parties against the EEOC. The central question in determining whether a federal statute implicitly authorizes a cause of action is whether the statutory scheme is consistent with the inference that Congress intended to create a particular right of action (here, a suit against the EEOC's Washington Field Office). Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15-17 (1979).

Far from being consistent with such an inference, the statutory scheme and legislative history of Title VII show that it would be inconsistent with legislative intent to infer a remedy against investigators of an EEOC Field Office.  See Occidental Life Ins. Co. v. Equal Employment Opportunity Comm'n, 432 U.S. 355, 365-66 (1977).   In Occidental Life, the Court reviewed the private sector judicial relief provision of Title VII, section 706(f)(1), 42 U.S.C. § 2000e-5(f)(1), and concluded on the basis of the provision's legislative history that Congress intended an employees's right to bring a *de novo* lawsuit against  the respondent employer to be the employee's sole judicial remedy.  This remedy against the discriminating employer was held to be a complete and sufficient remedy even though the EEOC might act slowly, erroneously, or not at all in processing a charge.  Id.

Neither enforcement activities, nor administrative findings of the EEOC determine the rights of the parties because enforcement of Title VII is ultimately implemented by *de novo* federal district court action.  This legislatively created enforcement framework for the nation's employment discrimination laws would be frustrated by an implied right for a charging party to sue the EEOC instead of the allegedly discriminating employer.  Legislative intent is hardly consistent with such claims.  As noted by the Ninth Circuit: "implying a cause of action against the EEOC contradicts [the legislative] policy of individual enforcement of equal employment

5

opportunity laws and could dissipate the resources of the Commission in fruitless litigation with charging parties." Ward,  719 F.2d at 313; see also Smith v. Casellas, 119 F.3d 33 (D.C. Cir. 1997).  Thus, it is clear that plaintiff has failed to state a claim upon which relief can be granted.

## **CONCLUSION**

For all of the foregoing reasons, plaintiff's complaint should therefore be dismissed as to defendant EEOC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:

MONA PAPILLON, T.A.
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
OFFICE OF LEGAL COUNSEL

CERTIFICATE OF SERVICE

I certify that the foregoing was served on counsel for Plaintiff, on August 28, 2006, by

United States Mail, proper postage affixed, and addressed as follows:

SELWYN G. DARBEAU
3338 Croffut Place, SE
Washington, DC  20019-2437

                                                    /s/
                                        CLAIRE WHITAKER, D.C. Bar # 354530
                                        Assistant United States Attorney