IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIBRARY OF CONGRESS, et al., )<br>)<br>Defendants. )<br>) | Civil Action No.:  06-1081(ESH) |

**DEFENDANT PROGRESSIVE TECHNOLOGY FEDERAL SYSTEMS, INC.'S
PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE**

The defendant, Progressive Technology Federal Systems, Inc. ("PTFS"), by and through its attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, responds to the plaintiff's Motion For Continuance, which requests an extension of time presumably to respond to the "Motion Of Defendant Progressive Technology Federal Systems, Inc. To Dismiss Plaintiff's Complaint" and, perhaps, to respond to the Motion To Dismiss filed by the defendant, Equal Employment Opportunity Commission.  As reasons for this Response and partial opposition to that request for an extension of time, the defendant PTFS states as follows:

1. The defendant PTFS has no objection to the plaintiff having a reasonable extension of time in which to respond to its Motion To Dismiss and would not oppose the plaintiff having thirty (30) additional days to respond to its Motion To Dismiss or would not oppose whatever reasonable extension of time that this Honorable Court might grant to the plaintiff or deem appropriate in light of the plaintiff's claim that he was not served with "copies of pleadings."

2. However, the defendant PTFS does not consent to, and objects to, the plaintiff

having an extension of thirty (30) days until "after the completion of discovery" to respond to its Motion To Dismiss, which extension provides no date certain for the plaintiff to respond to the defendant PTFS's Motion To Dismiss.

    3.    Additionally, the undersigned counsel did, in fact, mail copies of the answer of the defendant PTFS and of the "Motion Of Defendant Progressive Technology Federal Systems, Inc. To Dismiss Plaintiff's Complaint" to the plaintiff on August 3, 2006, addressed to the plaintiff at his address.  Therefore, the defendant PTFS is at a loss to understand why the plaintiff now belatedly claims that the undersigned counsel did not serve him with "copies of the pleadings" almost a month after the answer and the Motion To Dismiss were served and almost a month after this Honorable Court issued its Order dated August 3, 2006.  It had seemed to the defendant PTFS that the plaintiff's filing of his Amended Complaint was an effort by the *pro se* plaintiff to address the arguments made by the defendant PTFS in its Motion To Dismiss.[1]  For that reason, the defendant PTFS intended to wait until September 5, 2006 to determine if the plaintiff would also file a formal response and would have treated his Amended Complaint as a response to its Motion To Dismiss since that is what the defendant PTFS believed it to be.

    4.    Despite the presumption that the United States Postal Service delivered the mail to the plaintiff, the undersigned counsel has now sent additional copies of the answer of the defendant PTFS and of its Motion To Dismiss on September 1, 2006.  See, Amended Certificate of Service, which is attached hereto as Exhibit A and incorporated by reference.

---

[1] Unfortunately, the plaintiff's filing of his amended complaint demonstrates the pitfalls of a *pro se* litigant.  The defendant PTFS has not responded to the plaintiff's Amended Complaint because the plaintiff did not move for leave to file an amended complaint, and, therefore, no response is required by the defendant until such motion for leave is filed and granted.  See, Fed. R. Civ. P. 15 and Local Rule 103.6

5. Had the plaintiff merely communicated to the defendant PTFS, through its counsel, that he did not receive the copies of the Answer and of the Motion To Dismiss mailed by the undersigned counsel, any inconvenience to the plaintiff and any delay of this litigation could be avoided. The defendant PTFS encourages the plaintiff to promptly contact the undersigned counsel, in writing, if, in the future, he believes that he has not received mailings from the undersigned counsel or if he wishes to obtain consent to any of his requests for reasonable extensions of time.

WHEREFORE, the defendant, Progressive Technology Federal Systems, Inc., requests that the plaintiff's request for an extension of time to respond to the Motion To Dismiss of the defendant PTFS until thirty (30) days after the completion of discovery be denied, but will consent to the plaintiff having a reasonable extension of time to respond to the Motion To Dismiss of the defendant PTFS.

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P.


By:_____/s/_____
    Deborah Murrell Whelihan #412454
    1100 Connecticut Avenue, N.W.
    Suite 600
    Washington, D.C. 20036
    (202) 296-4747

Attorneys for Defendant Progressive Technology Federal Systems, Inc.

**MEMORANDUM OF REASONS AND AUTHORITIES**

1. Fed. R. Civ. P. 6(b); and

2. Local Rule 105.

_____/s/_____
Deborah Murrell Whelihan

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Defendant Progressive Technology Federal Systems, Inc.'s Partial Opposition to Plaintiff's Motion For Continuance, proposed Order, and Exhibit A were mailed, postage prepaid, on this 1st day of September, 2006, to:

> Mr. Selwyn G. Darbeau
> 3338 Croffut Place, S.E.
> Washington, D.C. 20019-2437;

AND mailed, postage prepaid, and sent electronically on this 1st day of September, 2006, to:

> Kenneth L. Wainstein, Esquire
> Rudolph Contreras, Esquire
> Claire Whitaker, Attorney-at-Law
> United States Attorneys Office
> Civil Division
> 555 4th Street, N.W.
> Room E-4204
> Washington, D.C. 20530

_____/s/_____
Deborah Murrell Whelihan