UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SELWYN G. DARBEAU, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-CV-1081 (ESH) |
| LIBRARY OF CONGRESS, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Equal Employment Opportunity Commission's motion to dismiss. Upon considering the pleadings and the entire record herein, the Court concludes that the motion should be granted.

### BACKGROUND

Plaintiff worked as a contract specialist for defendant Progress Technology Federal Systems (PTFS), a private systems integration company. While plaintiff was an at-will employee at PTFS, plaintiff was assigned to work in defendant Library of Congress's Office of Contracts and Grants Management, under the supervision of defendant Ursula Y. Holmes, a Supervisory Contract Specialist at the Library of Congress (LOC). At some time between October 8, 2005 and February 17, 2006[1], Holmes communicated electronically with PTFS about her

---

[1] Plaintiff alleges that defendant Holmes began her employment at the Library of Congress on or about October 8, 2005. (Am. Compl. at 3 fn.3.) Plaintiff filed his EEOC complaint on or about February 17, 2006. (EEOC's Mem. Supp. Mot. to Dismiss at 1.)

dissatisfaction with plaintiff's allegedly poor workload management, numerous errors, and inability to grasp the use of the LOC's electronic systems. Plaintiff was subsequently fired from the project. Plaintiff filed a complaint with the LOC, but the LOC dismissed his complaint and advised him of his right to sue. On February 17, 2006, plaintiff filed a discrimination complaint against the LOC and PTFS with the Washington Field Office of defendant Equal Employment Opportunity Commission (EEOC). On March 30, 2006, the EEOC issued a no-cause finding and advised plaintiff of his right to sue.

Plaintiff, proceeding *pro se*, filed this action on June 14, 2006. Plaintiff seeks, *inter alia*, an "equitable bill of discovery" for relevant EEOC documents, a copy of PTFS' contract with the LOC, agendas from LOC Contracts Team meetings, and "all Library of Congress EEO Complaints Office Investigation, documents and memorabilia pertaining thereto." On August 28, 2006, the EEOC filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## ANALYSIS

**I.    Standard of Review**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b), "the district court must draw all reasonable inferences in favor of the plaintiff and must not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief." *Mountain States Legal Found. v. Bush*, 306 F.3d 1132, 1134 (D.C. Cir. 2002) (citations omitted); *see also Artis v. Greenspan*, 158 F.3d 1301, 1306 (D.C. Cir. 1998). In other words, "the Court must accept as true all material factual allegations in the complaint." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). This

presumption does not extend to a plaintiff's legal conclusions, however. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In general, however, a *pro se* plaintiff is entitled to a liberal construction of his complaint. *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 64 (D.D.C. 2002). Despite this leniency, a *pro se* plaintiff's complaint must meet at least a minimal standard of pleading. *Price v. Phoenix Home Life Ins. Co.*, 44 F. Supp. 2d 28, 31 (D.D.C. 1999) (citing *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378-79 (7th Cir. 1988)).

## II.     Lack of Subject Matter Jurisdiction

Under the doctrine of sovereign immunity, a plaintiff cannot sue the United States, a federal agency or its officials unless Congress has unequivocally waived sovereign immunity by statute. *FDIC v. Meyer*, 510 U.S. 535, 538 (1994); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Plaintiff fails to identify any express or implied waiver of the EEOC's sovereign immunity with respect to his claims. The EEOC cannot be sued unless it is being sued as an employer, *see* 42 U.S.C. § 2000e-16(c); Title VII does not vest federal courts with jurisdiction over suits against the EEOC for other causes, such as agency inaction. *Smith v. Casellas*, 119 F.3d 33 (D.C. Cir. 1997). Because plaintiff's claim against the EEOC does not implicate the EEOC as a former employer, this Court has no subject matter jurisdiction over the claim.

## III.    Failure to State a Claim for Relief

Plaintiff asserts that his sole claim against the EEOC is his request for an equitable bill of discovery. A court may only grant a bill of discovery against a third party where statutory channels are inadequate to furnish information to support the plaintiff in a court proceeding. Although the Advisory Committee denied the abolition of an "independent action" for equitable

discovery in its 1970 and 1991 amendments to Federal Rule of Civil Procedure 34(c), the Advisory Committee in 1991 explicitly referenced the availability of subpoenas under Federal Rule 45 to promote discovery from third parties.  Plaintiff has failed to demonstrate that the formal discovery methods provided by the Federal Rules would be inadequate to assist him in his claim.[2]  While the Court appreciates the obstacles facing *pro se* litigants, a party may not avoid statutory discovery based solely on an unsupported belief in the inadequacy of the process.  *See Stebbins v. EEOC*, 1972 U.S. Dist. LEXIS 14881, at *3 (D.D.C. Feb. 29, 1972) ("The discovery plaintiff seeks is for use in pending suits before this court; the information he seeks is readily available by use of Rules 30 and 45; it appears that some of the information is available simply on request to the EEOC.").  Because plaintiff has not demonstrated that statutory discovery would be inadequate, his request for a bill of discovery against the EEOC is one upon which no relief can be granted.

## CONCLUSION

For the reasons stated above, the Court will grant defendants' motion [Dkt. #10] to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

---

[2] Even after the Court issued a *Fox v. Strickland* order on September 6, 2006, plaintiff's opposition to the EEOC's motion to dismiss merely asserted the legal possibility of a bill of discovery and failed to include any factual basis for such a bill.  (*See* Def.'s Reply to Pl.'s Opp'n at 1 fn.1.)

                                                                                                   s/

                                          ELLEN SEGAL HUVELLE
                                          United States District Judge

DATE:  October 3, 2006