UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Selwyn G. Darbeau    )<br>                         )<br>      *Plaintiff*    )<br>                         )<br>           Vs.       )<br>                         )<br>Library of Congress, et al.,  )<br>                         )<br>      *Defendants*  )<br>_____) | Civil Action No.: 06-01081 (ESH) |

**PLAINTIFF'S MOTION FOR RELIEF FROM ORDER
OF DISMISSAL OF A NON-PARTY ("EEOC")[1]
(With Attachment)**

Pursuant to Rule 60 (b) (6), Frcvp or Rule 5 Frap, Plaintiff moves the Court for reconsideration of the Memorandum Opinion and Order, entered 3 October 2006, as pertains to EEOC, or grant permission to appeal.

The Court has erred in granting or dismissing the non-party.

Issue Presented

Whether or not an Equitable Bill of Discovery (for relief or pure bill) against a public instrumentality is subject to dismissal?

Conclusion

For the foregoing reason the application for relief should be granted.

No Hearing Requested

RECEIVED
OCT 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

[1] "Twenty Eight Suggestions For Taking An Appeal In A Federal Case" By Eleanor Jackson Piel – 10(5) The Practical Litigator 7 at 9, Item # 6, (Sept. 2001).

Respectfully Submitted,

*[signature]*

Selwyn G. Darbeau, Pro se
3338 Croffut Place, SE
Washington, DC 20019-2437

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Selwyn G. Darbeau )<br>)<br>*Plaintiff* )<br>)<br>Vs. )<br>)<br>Library of Congress, et al., )<br>)<br>*Defendants* )<br>_____ ) | Civil Action No.: 06-01081 (ESH) |

### PLAINTIFF'S OPPOSITION TO EEOC'S MOTION TO DISMISS
### (WITH ATTACHMENT)

Pursuant to order of this Court promulgated 6 September 2006, directing plaintiff to respond to EEOC's dispositive motion, but denying leave for statutory discovery to plaintiff to do so. Plaintiff asserts:

I

The EEOC contends that the information sought by plaintiff has been supplied ____ "Copies of the closure documents were mailed March 30, 2006." But see Exhibit A attached, which reads: *"The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by the charge."*

The EEOC cites Rules 12 (b) (1) and 12 (b) (6) as authority in support of its motion for dismissal.

II

Rules 12 (b) 1 and 12 (b) (6) are not applicable. Under the Federal Rules of Civil Procedure, effective September 1938, equitable and legal causes of action are joined in a single unitary action. Rule 2, Frcvp. The rules do not eliminate the "independent action" against a person not a party, for production of documents and things and permission to enter upon land." Rule 34 (c), Frcvp.

### III

This is a "Pure Bill." No other relief is sought.   Jurisdiction is ancillary.

### IV

An Equitable Bill of Discovery against a public instrumentality (EEOC) is not subject to dismissal if, in the bill, in the case at bar, the plaintiff, has properly described in his Complaints *(original and amended)* a Cause of action for which information is needed, and has alleged sufficient facts to demonstrate the inadequacy of statutory interrogatories and the essentiality of the bill as an aid to support the plaintiff's position in a court proceeding promoting the cause of action, even though the public instrumentality (EEOC) may not be party to such proceeding, see generally, *Cf. Wolfe v. Massachusetts Port Authority, 366 Mass. 417 at 420- 422 (1974).*

### CONCLUSION

For the foregoing reasons EEOC's application for an order of dismissal should be denied.

Respectfully Submitted,

*[signature]*

Selwyn G. Darbeau, Pro se
3338 Croffut Place, SE
Washington, DC 20019-2437

Civil Action No.: 06-01081 (ESH)

# ATTACHMENT

# EXHIBIT A

# Dismissal and Notice of Rights

EEOC Form 161 (3/98)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Selwyn G. Darbeau<br>3338 Croffut Place S.E.<br>Washington, DC 20019 | From: | Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2006-00384 | Janet Stump,<br>Enforcement Supervisor | (202) 419-0700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Dana Hutter_  (signature)

Dana Hutter,
Director

**MAR 30 2006**
(Date Mailed)

Enclosures(s)

cc:   Manager, Human Resources
PROGRESSIVE TECHNOLOGY FEDERAL SYSTEMS
4520 East West Highway
Suite 510
Bethesda, MD 20814

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Motion for relief from order of dismissal of a non-party ("EEOC") has been mailed first class postage prepaid on __11 Oct__ 2006, to the following:

JORDAN, COYNE & SAVITS, L.L.P.
Deborah Murrell Whelihan #412454
1100 Connecticut Avenue, N.W.
Suite 600
Washington, DC 20036

Claire M. Whitaker
UNITED STATES ATTORNEY'S OFFICE
555 4th Street, NW
Suite E-4204
Washington, DC 20816

Respectfully Submitted,

_____
Selwyn G. Darbeau, Pro se
3338 Croffut Place, SE
Washington, DC 20019-2437

3