IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.:  06-1081(ESH) |
| v. ) | |
| ) | |
| LIBRARY OF CONGRESS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT REPORT TO THE COURT PURSUANT TO LCvR 16.3(d)**

Pursuant to LCvR 16.3(d) and this Court's Order for Initial Scheduling Conference filed on October 3, 2006, as amended; the defendant, Progressive Technology Federal Systems, Inc. ("PTFS"); and the defendants, Library of Congress ("LOC") and Ursula Y. Holmes; by and through their respective and undersigned counsel, submit the defendants' Joint Report to this Honorable Court[1] and the accompanying Proposed Scheduling Order and state as follows:

**I.      Matters Set Forth in Local Rule 16.3(c)**

(1)     There are no dispositive motions presently pending before this Honorable Court. The defendants do not know whether the plaintiff believes that this case can be resolved by dispositive motion, although they believe that the plaintiff agrees with the defendants that no trial will be ultimately necessary.  The defendants believe that the case is very likely to be disposed of by dispositive motions and request that the defendants have the opportunity to obtain discovery

---

[1] Based upon conversations between the plaintiff, *pro se*, and the attorney for defendant PTFS on October 16, 2006, November 6, 2006, November 7, 2006, and November 8, 2006, it is the understanding of the defendant PTFS that the plaintiff has no objection to the statements attributed to him made in this Joint Report or to the proposed Scheduling Order.  The plaintiff decided not to join in the filing of this Joint Report because of his two prior filings.

from the plaintiff, such as his written discovery responses and his deposition, to support their respective motions.

(2) The defendants do not anticipate joining any other parties and understand that the plaintiff does not anticipate joining any other parties. The defendants do not believe that they will be able to reach any agreement with the plaintiff about the factual and legal issues raised by his lawsuit. However, after conclusion of discovery, the defendants will attempt to reach agreement with the plaintiff about any undisputed factual or legal issues and will attempt to narrow any disputed factual and legal issues with the plaintiff. The parties believe that there should be no deadline for amendments to the pleadings, but that amendments should be governed by the standards set forth in Fed. R. Civ. P. 15 and the cases interpreting that rule.

(3) The plaintiff will not agree to the assignment of a Magistrate Judge. The defendants are satisfied with the present assignment and agree with the plaintiff that this matter should not be assigned to a Magistrate Judge.

(4) There is no realistic possibility of settlement at this time.

(5) The parties have discussed this Honorable Court's alternative dispute resolution ("ADR") procedures and programs. At this time, the parties do not believe this case would benefit from any ADR program, and the defendants do not believe that mediation or ADR would be appropriate at this time, given the communications between the plaintiff and the defendants' counsel. To the extent that any formal ADR should take place, the parties believe that ADR should only occur after a ruling on the dispositive motions filed by the defendants. The parties do not agree to arbitration or to a neutral evaluation. The defendants will, of course, comply with any Court order for ADR and, to the extent that this Honorable Court deems ADR to be

warranted, suggest mediation with a Magistrate Judge after discovery and after this Honorable Court rules on any dispositive motions filed, rather than outside, private mediation, because the plaintiff is unrepresented by counsel.

(6) The defendants believe that this matter may likely be resolved by dispositive motion.

(7) The parties will not stipulate to dispense with their initial disclosures required by Fed. R. Civ. P. 26(a)(1).

(8) The defendants have attached a Proposed Scheduling Order and believe that they should be able to complete all discovery by April 2, 2007. The defendants anticipate that they may request protective orders or an order of confidentiality, governing the disclosure of certain protective and confidential documents in discovery depending upon any discovery requests made by the plaintiff.

(9) The parties do not believe any revisions are necessary to the requirement of the exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2). The parties do believe that there should be a deadline for each side to identify all of their proposed experts and that the deposition of experts should be allowed within the time frame for discovery.

(10) The present case does not involve a class action.

(11) The parties do not believe that bifurcation will be useful.

(12) The defendants do not believe that a pre-trial conference should be scheduled because of the likelihood that this case will be resolved by dispositive motions. However, if the defendants do not obtain summary judgment, the defendants suggest that a pre-trial conference be scheduled thirty (30) days after this Honorable Court rules on any filed motions for summary

judgment and that any trial date, if necessary, be scheduled at that pre-trial conference.

(13) The parties do not believe that a trial will be necessary. In the event that this matter is not resolved by dispositive motion, this Honorable Court should set a trial date at the pre-trial conference based upon the schedule of this Honorable Court and the schedule of the parties. Trial should not take more than three (3) days and might only take (2) days.

**II.   Arrangements for Exchange of Initial Discovery**

As noted herein, the parties will not stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1). The parties will stipulate to exchange initial disclosures not later than January 31, 2007.

**III.   Discovery Plan**

The parties anticipate employing the standard discovery mechanisms as set forth in Federal Rules of Civil Procedure 26 through 36. Proposed scheduling dates for completion of discovery are set forth in the attached Proposed Scheduling Order. The defendants have no additional proposals at this time.

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P

By: _____/s/_____
    Deborah Murrell Whelihan, #412454
    1100 Connecticut Avenue, N.W.
    Suite 600
    Washington, DC 20036
    (202) 296-4747
Attorney for Defendant Progressive
    Technology Federal Systems, Inc.

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610

_____/s/_____
RUDOLPH CONFRERES, D.C. Bar # 434122

                /s/
CLAIRE WHITAKER, D.C. Bar # 354530
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 514-7137

Attorneys for Defendants Equal Employment
  Opportunity Commission, Library of Congress,
  and Ursula Y. Holmes