UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SELWYN G. DARBEAU | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-01081 |
| | ) | (ESH) |
| LIBRARY OF CONGRESS, *et al.* | ) | |
|     Defendants | ) | |
| _____ | ) | |

## PLAINTIFF'S STATEMENT OF CASE

The plaintiff, Selwyn Darbeau, was formerly employed by Progressive Technology Federal Systems, Inc. (PTFS). PTFS is a Maryland corporation and a federal contractor which, *inter alia*, does work for the Library of Congress. Mr. Darbeau was employed on the contract at the Library of Congress. Defendant Ursula Holmes was a Supervisory contract Specialist at the Library of Congress and oversaw the contract workers for PTFS.

Prior to the PTFS taking over the contract in September of 2005, Mr. Darbeau had worked for the previous contractor, Jordan and Howard. Ms. Holmes also assumed her position in October of 2005.

During Mr. Darbeau's work at the Library of Congress he excelled and as a result was greatly surprised and taken aback when he learned that Ms. Holmes had made baseless allegations and expressed dissatisfaction with his work to Sheila Hess, his supervisor at PTFS. As a result of the unfounded allegations of defendant Holmes, Mr. Darbeau who is sixty (60) years old was terminated from a position in which he had worked for the two (2) previous years. He was replaced with a much younger worker (*i.e.* under 40 years old).

Mr. Darbeau came to find out that other contract workers, over forty (40) years of age, had experienced similar treatment at the hands of Ms. Holmes and Ms. Hess. Based upon the

arbitrary and unfounded allegations made by Ms. Holmes, there is at least a basis for common law counts for defamation and interference with contractual relations. However, there may also be the possibility of an action pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634, (Pub. L. 90-202)[1] ADEA action if it can be established that a agency relationship existed between PTFS and Ms. Holmes in which she, in effect, acted as a proxy, in an agency capacity to get rid of the older workers at PTFS[2]. PTFS, in turn, appears to possibly be in direct violation of the ADEA as an employer pursuant to its involvement with Ms. Holmes in the systematic termination of older workers. Federal jurisdiction lies pursuant to federal question jurisdiction and diversity.

                                                Respectfully submitted,

   January 29, 2007                              *John F. Pressley, Jr.*
Dated                                            John F. Pressley, Jr., #379716
                                                    7600 Georgia Avenue. N.W., Suite 412
                                                    Washington. D.C. 20012
                                                    (202)723-8800
                                                    (202)723-8801(Fax)
                                                    Jfpressley@cs.com
                                                    *Attorney for Plaintiff*

---

[1] As amended by the Older Workers Benefit Protection Act (Pub. L. 101-433) and section 115 of the civil rights Act of 1991 (Pub. L. 102-166).

[2] The definition of employer includes any agent of an employer. 29 U.S.C. § 630.