UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SELWYN G. DARBEAU ) | | |
|     Plaintiff ) | | |
| ) | | |
| v. ) | Civil Action No. 06-01081 | |
| ) | (ESH) | |
| LIBRARY OF CONGRESS, *et al.* ) | | |
|     Defendants ) | | |
| _____) | | |

MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, by and through counsel, hereby moves this honorable Court for leave to amend the instant Complaint. In support of said motion plaintiffs state as follows:

1. Plaintiff filed the instant Complaint, *pro se*, on June 14, 2006 against defendants Library of Congress, Equal Employment Opportunity Commission, Progressive Technology Federal Systems, Inc. and Ursula Holmes. The EEOC was subsequently dismissed from the case.

2. The Complaint in its present state is not very clear with respect to exactly which counts are brought against which defendants. As a result, plaintiff would like to clarify the statement of his case and in the process dismiss counts and defendants against which there is no legal basis to proceed.

3. The case is an outgrowth of the plaintiff's employment with defendant Progressive Technology Federal Systems, Inc. (PTFS), a government contractor which took over a contract performing services at the Library of Congress. Soon after PTFS took over the contract, Ms. Ursula Holmes, a Supervisory contract Specialist at the Library of Congress, began to oversee the contract workers for PTFS. Plaintiff came to later find out from his

supervisor, Sheila Hess of PTFS that Ms. Holmes had indicated to her that the plaintiff was failing to perform in an acceptable manner, as a result, he would have to be let go and replaced with a much younger worker. The plaintiff, a sixty (60) year old gentleman came to learn that other older workers had been similarly treated by Ms. Holmes and Ms. Hess.

4. As a result of the foregoing, plaintiff feels that he has been the victim of camouflaged but nonetheless callous and harmful discrimination. As a result, he has a legitimate basis to pursue an discrimination case against PTFS based upon the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, (Pub. L. 90-202)[1]. Plaintiff exhausted his administrative remedies prior to filing suit and obtained a right to sue letter from the Equal Employment Opportunity Commission.

5. Pursuant to Fed. R. Civ. P. 15(a) leave to amend shall be "freely given when justice so requires."[2] Specifically, federal courts have held that leave to amend is to be granted absent bad faith, dilatory motive, undue delay, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), or prejudice on the non-moving party, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). In this instance, plaintiff has the right to have a full airing of all of his rights relating to all possible defendants, especially in such an egregious case which the

---

[1] As amended by the Older Workers Benefit Protection Act (Pub. L. 101-433) and section 115 of the Civil Rights Act of 1991 (Pub. L. 102-166).

[2] Indeed, it is an "abuse of discretion" when a district court denies leave to amend without a "justifying" or sufficient reason. Foman, 371 U.S. at 182; Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir.1996).

defendant appears to not really take seriously.

    6. A court should not deny leave to amend based solely on the time elapsed between the filing of the complaint and the request for leave to amend. <u>Atchinson v. District of Columbia</u>, 73 F.3d 418, 426 (D.C. Cir.1996). "Although in a perfect world pleaders would get it right the first time, <u>Rule 15(a) exists in order to give litigants the opportunity to fix mistakes or omissions, ... rather than allow technical flaws to penetrate a case before a court may resolve it on the merits</u>." <u>Dove v. Washington Metropolitan Area Transit Authority</u>, 221 F.R.D. 246, 248 (D.D.C. 2004)(emphasis added), citing <u>Harris v. Sec'y, United States Dep't of Veterans Affairs</u>, 126 F.3d 339, 343 (D.C. Cir.1997).

    7. In addition, <u>many courts have granted leave to amend so that *a new theory* could be added to the claim</u>. See, *e.g*. <u>Liberty Lobby, Inc. v. Dow Jones & Co.</u>, 638 F.Supp. 1149, 1150-1151 (D.D.C. 1986)(motion for leave to amend should not be denied solely because it asserts new causes of action); <u>Sherman v. Hallbauer</u>, 455 F.2d 1236 (5th Cir.1972) (plaintiffs amended a questionable legal theory with a more solid argument); <u>Aalco Constr. Co. v. F.H. Linneman Constr. Co.</u>, 399 F.2d 516 (10th Cir.1968)(leave to amend to change basis for breach of contract claim from a written to an oral promise); <u>Alaska Helicopters, Inc. v. Whirl-Wide Helicopters, Inc.</u>, 406 F.Supp. 1008 (D.Alaska 1976) (when language of contract barred suit, leave to amend was granted to add quantum meruit theory); WRIGHT, MILLER AND KANE, FEDERAL PRACTICE AND PROCEDURE, § 1474 n. 10.

    8. <u>Courts have also granted leave to amend so that *additional claims* could be

brought. See, *e.g.*, Mississippi Ass'n of Cooperatives v. Farmers Home Admin., 139 F.R.D. 542 (D.D.C. 1991); Martin v. Virgin Islands Nat. Bank, 455 F.2d 985 (3d Cir.1972) (false arrest claim amended to add false imprisonment claim); Lakeside v. Freightliner Corp., 612 F.Supp. 10 (D.Or.1984) (retaliatory layoff claim amended to include wrongful discharge); see generally WRIGHT, MILLER AND KANE, FEDERAL PRACTICE AND PROCEDURE, § 1474 n. 12.

    9. Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is "to facilitate a proper decision on the merits," not to set the stage for "a game of skill in which one misstep by counsel may be decisive to the outcome." Foman, 371 U.S. at 181-82, 83 S.Ct. 227 (citing Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To further the goal of deciding cases on their merits and avoiding *adjudication by technicality*, Rule 15 allows for amendment "whereby a party who harmlessly failed to plead an affirmative defense may find satisfaction" rather than allowing the party to lose because of a minor technical mistake made in its original pleading. Harris, 126 F.3d 339, 343. Under Rule 15(a), the non-movant generally carries the burden in persuading the court to deny leave to amend. See Dove v. Washington Metropolitan Area Transit Authority, 221 F.R.D. 246 (D.D.C. 2004), citing Gudavich v. District of Columbia, 22 Fed.Appx. 17, 18 (D.C. Cir. Dec. 27, 2001) (noting that the non-movant "failed to show prejudice from the district court's action in allowing the [movant's] motion to amend") (unpublished decision).

    10. The mere threat of greater liability stemming from an amended complaint is insufficient to justify refusing leave to amend. 6 WRIGHT AND MILLER, *supra*, § 1487.

11. A moving party should not be denied leave to amend his complaint merely because the proposed claim is unlikely to succeed on the merits, unless the claim is clearly frivolous. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 695 (8th Cir. 1981).

12. The amendment will cause no delay relating to discovery as the case is still in the early, pre-discovery stage.

13. None of the parties will be prejudiced by the requested amendment.

14. Manifest injustice is more likely to be prevented and more just adjudication on the merits achieved if the requested enlargement is granted.

WHEREFORE, plaintiff prays that the motion be granted.

In further support of this motion, plaintiff refers the Court to the memorandum of points and authorities attached hereto and incorporated herein by reference.

Respectfully submitted,

Dated: February 6, 2007

*John F. Pressley, Jr.*
John F. Pressley, Jr., Esq.
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012
(202) 723-8800
*Attorney for Plaintiff*

<u>LCcvR 7.1 CERTIFICATION</u>

Counsel for defendants Library of Congress and Ursula Holmes consent ato the instant motion. Counsel for defendant Progressive Technology Federal Systems, Inc. does not consent to the instant motion.

                                                  */s/ John F. Pressley, Jr.*
                                                  John F. Pressley, Jr., Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SELWYN G. DARBEAU | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-01081 |
| | ) |         (ESH) |
| LIBRARY OF CONGRESS, *et al.* | ) | |
|     Defendants | ) | |
| _____ | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND COMPLAINT

1. Fed. R. Civ. P. 15.

2. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

3. The record herein.

4. The inherent power of this Court.

Respectfully submitted,

*John F. Pressley, Jr.*
John F. Pressley, Jr., Esq.
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012
(202) 723-8800
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SELWYN G. DARBEAU    )
    Plaintiff    )
                    )
    v.    )    Civil Action No. 06-01081
                    )             (ESH)
LIBRARY OF CONGRESS, *et al.*    )
    Defendants    )
_____)

## ORDER

Upon consideration of the plaintiff's motion for leave to amend the complaint, the memorandum of points and authorities in support thereof, it is, by the Court, this _____ day of _____, 2007

ORDERED:   That the motion for leave to amend the complaint be, and the same hereby is, GRANTED, and it is further,

ORDERED:   That the previously lodged amended complaint is hereby deemed filed.

SO ORDERED.

_____
JUDGE ELLEN SEGAL HUVELLE