IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SELWYN G. DARBEAU,                    )
                                      )
        Plaintiff,                    )
                                      )        Civil Action No.:  06-1081(ESH)
v.                                    )
                                      )
LIBRARY OF CONGRESS, et al.,          )
                                      )
        Defendants.                   )
                                      )
                                      )

## DEFENDANT PROGRESSIVE TECHNOLOGY FEDERAL SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

The defendant, Progressive Technology Federal Systems, Inc. ("PTFS"), by and through

its attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, submits

this Memorandum in support of its opposition to the plaintiff's Motion For Leave To Amend

Complaint.  As reasons therefor, the defendant PTFS states as follows:

1.      As the plaintiff points out in his motion, it has been seven months since the

plaintiff filed his original complaint *pro se* on June 14, 2006.

2.      The plaintiff now, belatedly having retained counsel, seeks to substantially amend

his complaint, adding a new cause of action of age discrimination to replace the poorly pleaded

wrongful discharge claim against the defendant PTFS and requesting significant monetary

damages and injunctive relief.  In addition, the Second Amended Complaint drops the Library of

Congress ("the Library") as a defendant and its employee, Ursula Holmes.

3.      By way of background, and at all times relevant to the complaint, the defendant

PTFS was under a contract to the Library to provide turnkey digital archives solutions and on-site

staffing services.  When the defendant PTFS took over the contract from a previous contractor, it inherited the plaintiff.  On or about December 29, 2006, the Library requested that the plaintiff, who was on leave, be terminated because the Library found his work to be unsatisfactory. Given that the plaintiff's performance was clearly unacceptable to the Library, the defendant PTFS was forced to terminate his employment.

4.    As this Court has recognized, although leave to amend pursuant to Federal Rule of Civil Procedure 15 is within the discretion of the district court, it is an abuse of that discretion to deny leave without a justifying reason.  Dove v. Washington Metropolitan Area Transit Authority, 221 F.R.D. 246, 247 (U.S.D.C. 2004) (citing Foman v. Davis, 371 U.S. 178, 182, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962)).  Justifying reasons include undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment.  Dove, 221 F.R.D. at 247 (citing Foman, 371 U.S. at 182; Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999); Caribbean Broad. Sys., Ltd. v Cable & Wireless P.L.C., 146 F.3d 1080, 1084 (D.C. Cir. 1998)).

5.    The defendant PTFS submits that there are ample justifying reasons to deny plaintiff's motion to amend, including futility of amendment, undue prejudice, and undue delay.

6.    Primarily, this Honorable Court should deny plaintiff's motion due to the futility of the proposed amendments.  The plaintiff simply cannot prove age discrimination on the part of the defendant PTFS, despite the allegations that the PTFS supervisor, Ms. Hess, acquiesced to the Library's desires to terminate the plaintiff.  The plaintiff cannot establish unlawful age discrimination under the burden shifting scheme developed by the Supreme Court in McDonnell Douglas Corp v. Green, 411 U.S. 792, 802-05, 36 L.Ed.2d 668, 93 S.Ct. 1817 (1973).  Mianegaz

v. Hyatt Corporation, 2004 U.S. Dist. LEXIS 9244, 11-12 (2004) (citing, *inter alia*, Hall v. Giant Food, Inc. 175 F.3d 1074, 1077 (D.C. Cir. 1999). In fact, the plaintiff, by his own allegations, cannot even establish the prima facie case required. In order to establish a prima facie case of age discrimination, the plaintiff must show that (1) he is a member of the Age Discrimination in Employment Act's protected class of persons over forty years of age; (2) he was qualified for his position and was performing his job well enough to meet his employer's legitimate expectations; (3) he suffered an adverse employment action despite his qualifications and performance; and (4) he was disadvantaged in favor of a similarly situated younger employees. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 147 L.Ed.2d 105, 120 S.Ct. 2097 (2000). The plaintiff concedes that his immediate supervisor at the Library complained to the defendant PTFS about his job performance. Certainly, the defendant PTFS had a legitimate business reason and no choice with respect to the plaintiff's employment when the Library told it to terminate the plaintiff from the job site. Given that the plaintiff's employment was tied to PTFS' contract with the Library and given that the Library stated that the plaintiff's performance was unacceptable, the defendant PTFS had no choice but to terminate his employment and PTFS' hands were tied.

      7.     In addition, plaintiff's claims against PTFS are futile in that he has not exhausted his administrative remedies with respect to those claims. Although Plaintiff has received a "right to sue" letter from the EEOC, his initial Charge of Discrimination, which is attached here as Exhibit A and incorporated by reference, lists no discriminatory acts taken by PTFS. Instead, it focuses solely on alleged discrimination on the part of Ms. Holmes, an employee of the Library. Before filing suit under the Age Discrimination in Employment Act (ADEA), a putative plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC

describing the allegedly discriminatory incident.  29 U.S.C. § 626(d); see also Washington v.

Wash Metro Area Transit Auth., 160 F.3d 750, 752 (D.C. Cir. 1998).  As the D.C. Circuit has

said, "[a] vague or circumscribed EEOC charge will not satisfy the exhaustion requirement for

claims it does not fairly embrace."  Marshall v. Fed. Express Corp., 130 F.3d 1095, 1098 (D.C.

Cir. 1997); see also Mianegaz v. Hyatt Corp., 2004 U.S. Dist. LEXIS 9244, 8 (U.S.D.C. 2004)

(applying the Marshall language to an ADEA claim).  As the alleged discrimination described in

the EEOC charge does not relate to any discrimination on the part of PTFS, nor claim any

discrimination on their part, the plaintiff has not exhausted his administrative remedies with

respect to the defendant PTFS.  When a plaintiff fails to exhaust his administrative remedies, the

result is dismissal.  See e.g. Rann v. Chao, 346 F.3d 192, 194-95 (affirming the trial court's

dismissal of the plaintiff's ADEA claim for failure to exhaust administrative remedies).

      8.     Given the futility of amending described above, this case is unlike Foman and

others cited by the plaintiff.  In those cases, the amendments served to strengthen a plaintiff's

case through reworking existing claims or adding new claims or legal theories.  Here, the

plaintiff could not recover under the proposed amended complaint, and, therefore, the

amendments should not be allowed.

      9.     This Court should also reject plaintiff's motion to amend due to the severe undue

prejudice that it imposes upon the defendant PTFS.  Undue prejudice is not mere harm to the

non-movant but rather a denial of the opportunity to present facts or evidence which would have

been offered had the amendment been timely.  Dove, 221 F.R.D. at 248 (citing Foremost-

McKesson, Inc. v. Islamic Republic of Iran, 1988 U.S. Dist. LEXIS 18522, 16, aff'd, 905 F.2d

438 (D.C. Cir. 1990)).  Examples of such prejudice include situations where the proposed

amendment alters either the choice of counsel or the nature of the opposing party's strategy. Atchinson v. District of Columbia, 73 F.3d 418, 427 (D.C. Cir. 1996). In its Second Amended Complaint, the plaintiff has dropped as defendants the exact parties who he claims were responsible for his termination, that is his supervisor at the Library and the Library itself, and seeks to try PTFS for the alleged actions by the Library. If there was any illegal action or intent, which the defendant PTFS does not believe, it was taken by the very defendants excluded from the amended complaint. This is a perfect example of the type of prejudice that is considered "undue."

10.    In addition, the plaintiff has substantially changed his basis for liability. His first Complaint sounded in defamation and/or slander. His First Amended complaint seemed to assert a claim of wrongful discharge. The proposed Second Amended Complaint is based upon age discrimination. The plaintiff's claimed damages have shifted dramatically along with his changing claims. Taken along with the fact that plaintiff cannot make out a prima facie case against PTFS, the Court should deny his motion to amend because of the prejudice to the defendant PTFS.

11.    Finally, this Court should deny plaintiff's motion due to his undue delay in filing it. Although a court should not deny leave to amend based solely on the time elapsed between the filing of the complaint and the request for leave to amend, Atchison, 73 F.3d at 426, the seven month delay present here, taken along with the factors discussed above, militate toward denying plaintiff's motion to amend. The plaintiff could have hired his present counsel or another lawyer following his termination in December of 2005. Instead, the plaintiff initiated

this action and then delayed it by the filing of his prior complaints and his appeal of this Court's proper ruling in favor of the EEOC.

    For all of the foregoing reasons, the PTFS respectfully requests that this Honorable Court deny plaintiff's Motion for Leave To Amend his Complaint and disallow the filing of the plaintiff's Second Amended Complaint.

    Respectfully submitted,

    JORDAN, COYNE & SAVITS, L.L.P.


    By: /s/  *Deborah Murrell Whelihan*
        Deborah Murrell Whelihan #412454
        1100 Connecticut Avenue, N.W.
        Suite 600
        Washington, D.C.  20036
        (202) 296-4747

    Attorneys for Defendant Progressive Technology Federal Systems, Inc.