UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SELWYN G. DARBEAU, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-CV-1081 (ESH) |
| PROGRESSIVE TECHNOLOGY FEDERAL SYSTEMS, INC. | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff has filed for leave to amend his complaint in the above-captioned suit. His original complaint and first amended complaint, which he filed *pro se*, named the Library of Congress and an individual employee thereof, Progressive Technology Federal Systems, Inc. ("PTFS"), and the Equal Employment Opportunity Commission ("EEOC") as defendants. Defendant was employed by PTFS, which was under contract to provide archiving services to the Library of Congress. (First Amended Complaint ¶ I(a).) Though plaintiff's first two complaints alleged a number of defamatory statements made by the employee of the Library of Congress, they did not assert claims of age discrimination. Plaintiff has since retained counsel, and now seeks to file a second amended complaint, which alleges only age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and names his former employer, PTFS, as the only defendant. As explained below, leave to amend is granted.[1]

---

[1] The case caption above has been changed accordingly to reflect the fact that PTFS is the sole defendant in the new complaint.

Under Fed. R. Civ. P.15(a), a party may amend a complaint after an answer is filed, but only with leave of the court. In deciding whether to grant leave, a court should take into account whether there has been bad faith, undue delay or prejudice to the defendant, and should reject a proposed amendment that would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083-84 (D.C. Cir.1998). If none of these factors is present, leave to amend "should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)). Since no discovery has been taken to date, defendant would not be prejudiced by plaintiff's new theory of liability, which is based substantially on the same facts alleged in the original complaint and plaintiff's EEOC charge. Nor is there any evidence of bad faith or a dilatory motive on the part of plaintiff, or evidence that the delay of almost eight months between the filing of the original complaint and this proposed amendment, during which time plaintiff retained counsel, was "undue." *See Caribbean Broad. Sys., Ltd.*, 148 F.3d at 1084 (stating that in consideration of a motion to amend the complaint, timeliness is "relevant only insofar as it suggests either bad faith on the part of the moving party or potential prejudice to the non-moving party should an amendment be allowed").

Defendant PTFS, however, also opposes plaintiff's motion on the grounds that the proposed amendment would be futile because plaintiff failed to exhaust his administrative remedies with respect to his claims against them, arguing that "the alleged discrimination described in the EEOC charge does not relate to any discrimination on the part of PTFS, nor claim any discrimination on their part." (PTFS Opp. at 4.) Before bringing suit in federal court, ADEA plaintiffs must exhaust their administrative remedies by filing an EEOC charge, *see Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998), and the

substance of any subsequent ADEA claim must fall within the scope of "the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)) (internal quotation marks omitted).  Contrary to PTFS's assertion, however, plaintiff's EEOC charge names PTFS as the employer that he believes discriminated against him, and states that his employment was terminated by PTFS after the Library of Congress employee accused him of poor job performance, and that his position was later filled by a younger employee.  (Ex. A to PTFS Opp.)  The EEOC charge also plainly alleges that plaintiff was "discriminated against because of [his] age (59) in violation of the Age Discrimination in Employment Act . . . ."  (*Id.*)  These allegations could arguably be expected to lead to an investigation of whether PTFS improperly discriminated against defendant based on his age, and plaintiff therefore has a viable argument that he exhausted administrative remedies with regard to his ADEA claim against PTFS.  Accordingly, PTFS has not shown that allowing plaintiff to amend his complaint to add the ADEA claim would be futile.

For the foregoing reasons, it is hereby **ORDERED** that plaintiff's Motion for Leave to Amend [Dkt. 30] is **GRANTED**, and the Second Amended Complaint attached to plaintiff's motion shall be deemed filed as of this date.  An Initial Scheduling Conference is set for March 23, 2007 at 9:30 a.m.

**SO ORDERED.**

                              /s/
                        ELLEN SEGAL HUVELLE
                        United States District Judge

Date: March 7, 2007