IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE TECHNOLOGY )<br>FEDERAL SYSTEMS, INC. )<br>)<br>    Defendant. )<br>) | Civil Action No.:  06-01081<br>(ESH) |

**ANSWER OF DEFENDANT PROGRESSIVE TECHNOLOGY FEDERAL
SYSTEMS, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

In accordance with Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 15, the defendant, Progressive Technology Federal Systems, Inc. ("PTFS"), by and through its attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, answers the plaintiff's Second Amended Complaint and states as follows:

FIRST DEFENSE

The defendant PTFS avers that any and all allegations not affirmatively admitted herein are denied. Answering the enumerated paragraphs of the Second Amended Complaint, the defendant PTFS states as follows:

1.    As to paragraph 1 of the Second Amended Complaint, the defendant PTFS is not required to answer the averments of that paragraph as those averments are conclusions regarding the legal authority for the plaintiff's action. However, with respect to those averments of paragraph 1 of the Second Amended Complaint, the defendant PTFS denies that it committed

any acts of illegal discrimination, including any acts of age discrimination as to the plaintiff's termination of employment.

2.    As to paragraph 2 of the Second Amended Complaint, the defendant PTFS is not required to answer the averments of that paragraph as those averments are legal conclusions about jurisdiction. However, the defendant PTFS denies that diversity jurisdiction would be available since the plaintiff is a resident of the District of Columbia and, notwithstanding this Honorable Court's ruling, contends that the plaintiff failed to exhaust his administrative remedies as to the defendant PTFS because the plaintiff's claim of age discrimination is not reasonably related to his EEOC charge which focused upon the alleged illegal actions by the Library of Congress and its employee, Ursula Holmes.

3.    In answer to paragraph 3 of the Second Amended Complaint, the defendant PTFS admits that it is its understanding that the plaintiff resided in the District of Columbia while he was in its employment and further admits that its understanding, from the charge of discrimination, was that the plaintiff's date of birth was March 1, 1946, making him sixty (60) years old when the Second Amended Complaint was filed.

4.    In answer to paragraph 4 of the Second Amended Complaint, the defendant PTFS admits that it is a Maryland corporation which provides turnkey digital archives solutions and on-site staffing services for government agencies through contracts with those governmental agencies.

5.    In answer to paragraph 5 of the Second Amended Complaint, the defendant PTFS admits that it was its understanding that the plaintiff was employed before September 8, 2005 by the prior contractor to the Library of Congress and but is without knowledge or information

sufficient to form a belief as to the truth of the remaining averments about the prior contractor's contract with federal government agencies.

      6.      In answer to paragraph 6 of the Second Amended Complaint, the defendant PTFS is without knowledge or information sufficient to form a belief as to the truth of the averments regarding the circumstances of the plaintiff's employment by the prior contractor to the Library of Congress. The defendant PTFS admits that the plaintiff was already assigned to the Library of Congress when it contracted to supply program support services to the Library of Congress and that the understanding of the defendant PTFS was that the plaintiff had provided some accounting and purchase order duties to the grants and contract management section of the Library of Congress.

      7.      In answer to paragraph 7 of the Second Amended Complaint, the defendant PTFS is without knowledge or information sufficient to form a belief as to the truth of the averments regarding the circumstances of the plaintiff's employment by the prior contractor to the Library of Congress or as to the truth of the averment that the plaintiff's performance had always been "exemplary."

      8.      In answer to paragraph 8 of the Second Amended Complaint, the defendant PTFS denies the averments of that paragraph, but admits that, on September 8, 2005, it hired the plaintiff as a contract specialist to fulfill its contractual obligations for the period, beginning on September 8, 2005 and ending on April 7, 2006.

      9.      In answer to paragraph 9 of the Second Amended Complaint, the defendant PTFS admits that Ms. Holmes was a supervisory employee of the Library of Congress in October of 2005 and that she was involved in the supervision of the defendant PTFS's employees.

10. In answer to paragraph 10 of the Second Amended Complaint, the defendant PTFS denies the averment of that paragraph.

11. In answer to paragraph 11 of the Second Amended Complaint, the defendant PTFS denies the averments of that paragraph.

12. In answer to paragraph 12 of the Second Amended Complaint, the defendant PTFS denies the averments of that paragraph, except that the Library of Congress did communicate that it was dissatisfied with the plaintiff's performance to Ms. Sheila Hess, the plaintiff's supervisor at PTFS.

13. In answer to paragraph 13 of the Second Amended Complaint, the defendant PTFS denies the averments of that paragraph.

14. In answer to paragraph 14 of the Second Amended Complaint, the defendant PTFS denies the averments of that paragraph, except that the defendant PTFS terminated the plaintiff when the Library of Congress indicated that the plaintiff's performance was unsatisfactory. The defendant denies any allegations of age discrimination and contends that the termination of the plaintiff was related to his poor performance, not his age, and related to the express direction by the Library of Congress that the plaintiff not continue to work for the Library of Congress because of his poor performance.

15. In answer to paragraph 15 of the Second Amended Complaint, the defendant PTFS denies the averments of that paragraph.

16. In answer to paragraph 16 of the Second Amended Complaint, the defendant PTFS denies the averments of that paragraph. The defendant PTFS is further without knowledge or information sufficient to form a belief as to the truth of the plaintiff's alleged damages,

injuries, and/or losses as set forth in the Second Amended Complaint, and, demands strict proof thereof.

17. In answer to paragraph 17, the defendant PTFS adopts and incorporates by reference its answers and responses to the allegations made in paragraphs 1 through 16.

18. In answer to paragraph 18 of the Second Amended Complaint, the defendant PTFS denies the averments of that paragraph and denies that its termination of the plaintiff was because of any alleged age discrimination or for any reasons other than the plaintiff's poor performance and its contractual obligation to its client, the Library of Congress.

19. In answer to paragraph 19 (misnumbered as 14) of the Second Amended Complaint, the defendant PTFS denies the averments of that paragraph and denies that its termination of the plaintiff was because of any alleged age discrimination or for any reasons other than the plaintiff's poor performance and its contractual obligation to its customer, the Library of Congress.

## SECOND DEFENSE

The plaintiff's Second Amended Complaint fails to state any claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendant PTFS denies that it unlawfully discriminated against the plaintiff on the basis of his age. Rather, the defendant PTFS contends that it acted lawfully, justifiably, and appropriately, given the circumstances surrounding the plaintiff's termination and its customer's complaints about the plaintiff's unsatisfactory performance.

**THIRD DEFENSE**

The defendant PTFS acted at all times based upon proper cause and in accordance with its contractual and legal responsibilities to its client.

**FOURTH DEFENSE**

The defendant PTFS did not violate any civil rights possessed by the plaintiff and acted at all times in an objectively reasonable manner based upon legitimate non-discriminatory business reasons and judgments with sufficient justification for its actions. The defendant PTFS committed no acts of illegal discrimination against the plaintiff, including any alleged acts of age discrimination.

**FIFTH DEFENSE**

The defendant PTFS denies that the plaintiff is entitled to any damages and denies that the plaintiff can recover back pay since it is its understanding that the plaintiff has found alternative employment. If the plaintiff has any legitimate damages, the defendants PTFS avers that the plaintiff has failed to mitigate his alleged damages by finding comparable, alternative employment.

**SIXTH DEFENSE**

The plaintiff's damages are limited by statute. The plaintiff is not entitled to compensatory damages or costs, damages for his emotional distress, and attorney's fees and costs.

WHEREFORE, having fully answered the plaintiff's Second Amended Complaint, the defendant, Progressive Technology Federal Systems, Inc., requests that the Second Amended

Complaint be dismissed <u>with</u> <u>prejudice</u> and that appropriate attorney's fees and costs be awarded in its favor against the plaintiff.

        Respectfully submitted,

        JORDAN, COYNE & SAVITS, L.L.P.

        By: /s/  *Deborah Murrell Whelihan*
           Deborah Murrell Whelihan #412454
           1100 Connecticut Avenue, N.W.
           Suite 600
           Washington, D.C.  20036
           (202) 296-4747

        Attorneys for Defendant Progressive Technology Federal Systems, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Answer of Defendant Progressive Technology Federal Systems, Inc. to Plaintiff's Second Amended Complaint sent electronically and mailed, postage prepaid, this <u>19th</u> day of March, 2007, to:

>John F. Pressley, Jr., Esquire
>Suite 412
>7600 Georgia Avenue, NW
>Washington, DC 20012
>
>Claire Whitaker, Esquire
>Civil Division
>United States Attorney's Office
>555 4th Street, NW
>Room E-4204
>Washington, DC 20816

>/s/ *Deborah Murrell Whelihan*
>Deborah Murrell Whelihan