IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.:  06-01081 (AK) |
| v. ) | |
| ) | |
| PROGRESSIVE TECHNOLOGY ) | |
| FEDERAL SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S CONSENT MOTION TO EXTEND THE
DEADLINE FOR FILING OF ITS DISPOSITIVE MOTION**

Pursuant to Federal Rule of Civil Procedure 6(b), and with consent of the plaintiff, the defendant, Progressive Technology Federal Systems, Inc. ("PTFS"), by and through its attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, respectfully moves this Honorable Court for the entry of an Order, extending the deadline for it to file its motion for summary judgment from the present deadline of October 3, 2007 until an extended deadline of October 9, 2007.  As grounds for this Motion, the defendant PTFS states as follows:

1.	The defendant PTFS requires a short extension of time to finalize and file its motion for summary judgment.  The defendant PTFS estimates that it needs at least six (6) more days to file its motion for summary judgment.[1]

2.	On August 30, 2007, this Honorable Court granted in part the plaintiff's Motion To Amend The Scheduling Order, which motion was filed on August 30, 2007.  On September 4,

---

[1]The plaintiff counsel has indicated that he will consent to whatever extension that the defendant's counsel needs.  Unfortunately, the defendant's undersigned attorney is scheduled to begin another trial in Worcester County beginning on October 15, 2007.

2007, this Honorable Court entered an Order, modifying the remaining deadlines of the Scheduling Order (" the September 4, 2007 Order") including the dispositive motions deadline.[2]

3.  As a result of the September 4, 2007 Order, the defendant PTFS is required to file its motion for summary judgment by no later than today, October 3, 2007.

4.  The defendant PTFS was cautiously optimistic that it would be able to comply with the October 3, 2007 deadline set by the September 4, 2007 Order, notwithstanding that the defendant's undersigned attorney was out-of town in trial from September 24, 2007 until September 28, 2007 before the Circuit Court for Worcester County in the civil case entitled, Danielle Marie Glacken, plaintiff, v. O.C. Extra Cheese, Inc., et al., defendants, Worcester Circuit Court Case No.: 23-C-06-000599 OT, and notwithstanding that the defendant's undersigned attorney had depositions every day from September 13, 2007 through September 21, 2007 prior to that trial.

6.  However, the defendant PTFS is not prepared to file its motion for summary judgment and is handicapped in completing its motion for summary judgment because it does not yet have a copy of the transcript of the deposition of its director of Professional Services, Sheila Hess, which was taken by the plaintiff on September 20, 2007.[3]  For the record to be complete,

---

[2] As the plaintiff indicated in his Motion To Amend The Scheduling Order, the defendant PTFS did not consent to that motion, in part, because of the schedule of the defendant's undersigned attorney during September and during October of 2007.  To address this issue, the plaintiff chose the deadline of October 31, 2007 for dispositive motions as a result of conversations with the defendant's undersigned counsel about her schedule.

[3] The plaintiff did try to take the deposition of Ms. Hess following the issuance of the September 4, 2007 Order, but the defendant's undersigned attorney already had court hearings and depositions scheduled for every day during September.  The defendant's undersigned attorney was only able to accommodate the plaintiff's request for deposition of Ms. Hess by moving another group of depositions to later in October of 2007.

the defendant PTFS needs this transcript of the deposition of Ms. Hess to demonstrate that there are no material facts in dispute.

    7.    As of today, the defendant PTFS still does not have the deposition transcript from the deposition of Ms. Hess, despite having ordered a copy of the transcript on September 20, 2007.  The defendant PTFS expected to have the transcript by regular delivery last week.  The defendant PTFS is attempting to obtain the transcript from the plaintiff's court reporting agency and has been promised a copy of the transcript by Friday, October 5, 2007.

    8.    Although the defendant PTFS has had a draft motion for summary judgment prepared since July 20, 2007 based upon the deposition taken by it of the plaintiff on July 3, 2007, the defendant PTFS did not intend to depose its own employee, Sheila Hess, to support its motion for summary judgment.  Because the plaintiff did not note the deposition of Ms. Hess prior to the discovery deadline of July 30, 2007 which was agreed to and scheduled in the telephone conference on March 22, 2007 before this Honorable Court where both parties' counsel participated and did not mention the plaintiff's need for Ms. Hess' deposition during the August 6, 2007 telephone conference before this Honorable Court again where both parties' counsel participated,[4] the defendant did not plan for that discovery and had agreed to other professional commitments based upon the schedule then in effect as a result of those two scheduling conferences.[5]

---

[4] While the defendant PTSF does not take issue with the plaintiff's belief that it needed to "assess the defendant's discovery responses before determining whether depositions were necessary," plaintiff's Motion To Amend The Scheduling Order at ¶2, the plaintiff did not propound his written discovery until June 23, 2007 (which was received on June 27, 2007) and sent corrected written discovery requests by June 29, 2007.

[5] The defendant PTFS had intended to file its motion for summary judgment on August 31, 2007, before the then deadline of September 4, 2007, leaving the defendant's undersigned counsel available for other professional commitments.

8.     The defendant PTFS is particularly concerned that it must rely upon Ms. Hess' deposition transcript to support its motion for summary judgment because of the plaintiff's statement made in his Motion To Amend The Scheduling Order that the discovery responses provided by the defendant PTFS on July 26, 2007 to him "were sparse and did not provide sufficient information to allow counsel to properly prepare his case" (plaintiff's Motion To Amend The Scheduling Order at ¶2)[6] and because the basis for the plaintiff to re-open discovery was the need for the deposition of Ms. Hess.  Additionally, the defendant PTFS does not want to provide its motion for summary judgment piecemeal.  Furthermore, the defendant PTFS also does not want the plaintiff to complain that it could not prepare his opposition to that motion, if any, because the transcript of Ms. Hess was not used as part of the defendant PTFS' motion for summary judgment.

9.     If the defendant PTFS is given an extension until October 9, 2007 to finalize and file its motion for summary judgment, the plaintiff will still have until October 31, 2007 to file his response to that motion.  Thus, the extension requested by the defendant PTFS will not disrupt the schedule that is established by the September 4, 2007 Order.

10.    The defendant PTFS does believe that its motion for summary judgment will resolve this matter and does not want to be denied the opportunity to file its motion because the plaintiff was allowed additional time in which to take discovery which the defendant PTFS believes should have been taken prior to July 30, 2007, despite the plaintiff's representations to the contrary.

---

[6]The defendant PTFS does take issue with the plaintiff's statement about its written discovery responses being "sparse," which the defendant PTFS denies.  Since the plaintiff's written discovery responses and the defendant's answers to plaintiff's interrogatories will be exhibits to the motion for summary judgment, this Honorable Court can decide whether that characterization is accurate for itself.

11. The plaintiff does agree to the extension of the dispositive motions deadline from October 3, 2007 to October 9, 2007 for the defendant PTFS to file its motion for summary judgment.

12. The defendant PTFS has no objection to the extension of the dispositive motions deadline for both parties, but believes that the plaintiff does not have such a motion to file.

WHEREFORE, with the consent of the plaintiff's counsel, the defendant, Progressive Technology Federal Systems, Inc., respectfully requests that the dispositive motions deadline be extended from its present deadline of October 3, 2007 until October 9, 2007.

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P.

By: /s/ **Deborah Murrell Whelihan**
    Deborah Murrell Whelihan, #412454
    1100 Connecticut Ave., N.W.
    Suite 600
    Washington, D.C. 20036
    Telephone no.:  (202) 296-4747
    Facsimile no.:  (202) 496-2800

Attorneys for Defendant Progressive Technology
    Federal Systems, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. FED. R. CIV. P. 6; and

2. LRCiv. 7.

*/s/ Deborah Murrell Whelihan*
Deborah Murrell Whelihan

**LCvR 7(m) Statement**

I, Deborah Murrell Whelihan, hereby certify that I conferred with the Plaintiff's counsel, John F. Pressley, Jr., on October 2, 2007 and that Mr. Pressley consents to the extension of the dispositive motions deadline from October 3, 2007 to October 9, 2007.

                                              ***/s/ Deborah Murrell Whelihan***
                                              Deborah Murrell Whelihan

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Defendant's Consent Motion To Extend The Deadline For Filing of Its Dispositive Motion and of the proposed Order were served electronically on this 3rd day of October, 2007 to:

        John Felix Pressley, Jr, Esquire
        7600 Georgia Avenue, NW
        Suite 412
        Washington, DC 20012

                                              ***/s/ Deborah Murrell Whelihan***
                                              Deborah Murrell Whelihan