IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE TECHNOLOGY )<br>FEDERAL SYSTEMS, INC. )<br>)<br>  Defendant. )<br>) | Civil Action No.: 06-01081 (AK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT PROGRESSIVE TECHNOLOGY FEDERAL
SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT**

**A.    Introduction**

The plaintiff filed his lawsuit on June 14, 2006 and, after two amendments of his complaint, alleged a claim of age discrimination against the defendant, Progressive Technology Federal Systems, Inc. ("PTFS"). See, plaintiff's Second Amended Complaint. The plaintiff's age discrimination claim stems from his termination by the defendant PTFS on or about January 4, 2006, allegedly as a result of "the preference of the defendant's client for a younger worker." See, plaintiff's Second Amended Complaint at ¶14, pages 3-4. As will be shown below, the plaintiff has no evidence that his termination stemmed from his age and he cannot prove his claim of age discrimination. Rather, the defendant PTFS had no choice but to terminate the plaintiff for legitimate and non-discriminatory business reasons, including the plaintiff's unsatisfactory performance for the defendant's customer, the Library of Congress, and the decision by the Library of Congress that the plaintiff cease working for it as a contractor. See, Answers filed by the defendant PTFS to the plaintiff's original Complaint and Second Amended

Complaint.

### B. Standard For Summary Judgment

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986); Diamond v. Atwood, 310 U.S. App. D.C. 113, 43 F.3d 1538, 1540 (D.C. Cir. 1995). The nonmoving party cannot merely rest upon the allegations included in the complaint, and instead, must identify the specific facts which demonstrate that there is a genuine issue for trial. Anderson, 477 U.S. at 248. The burden is upon the nonmoving party to demonstrate that there are material facts in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 91 L.Ed. 2d 265, 106 S.Ct. 2548 (1986). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. Material facts are in dispute if they are capable of affecting the outcome of the suit under governing law. Id. In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L.Ed.2d 538, 106 S.Ct. 1348 (1986); United States v. Diebold, Inc., 369 U.S. 654, 8 L.Ed.2d 176, 82 S.Ct. 993 (1962). The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor." Anderson, 477 U.S. at 255; see also Bayer v. United States Dept. Of Treasury, 294 U.S. App. D.C. 44, 956 F.2d 330, 333 (D.C. Cir. 1992).

The D.C. Circuit has held that because proof of discrimination may be difficult for a plaintiff to establish, "the court should view summary judgment motions in such cases with special caution." See, e.g., Childers v. Slater, 44 F.Supp.2d 8, 15 (D.D.C. 1999), vacated in part on other grounds, 197 F.R.D. 185 (D.D.C. 2000). Nevertheless, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Rather, he must come forward with "specific facts showing that there is a genuine issue for trial." See Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e); LCVR 7.1(h). Specifically, if defendant provides evidence of a legitimate non-discriminatory reason, plaintiff "must then bring forward evidence of the pretextual nature of the legitimate non-discriminatory purpose posited by defendant. . . . Evidence of discrimination that is 'merely colorable', or 'not significantly probative' cannot prevent the issuance of summary judgment." Johnson v. Digital Equipment Corp., 836 F. Supp. 14, 15 (D.D.C. 1993).

    **C.**    **Statement of Undisputed Material Facts**

1. The plaintiff was employed by the defendant PTFS from September 8, 2005 until January 4, 2006. See, deposition transcript of the plaintiff, Selwyn G. Darbeau, which is attached hereto as Exhibit 1 and incorporated by reference, at page 46; see also, Answer of Defendant Progressive Technology Federal Systems, Inc. To Plaintiff's Second Amended Complaint at ¶s 7-8. When the plaintiff became employed by the defendant PTSF, the plaintiff had been working as a contract specialist for another vendor at the Library of Congress. Exhibit 1 at pages 21-22. The defendant PTFS inherited the plaintiff as an contractual employee in September of 2005. Exhibit 1 at pages 46-47. The plaintiff's position was as a contract specialist. Exhibit 1 at page 22.

2.	When the defendant PTFS became the plaintiff's employer in September of 2005, the plaintiff received from the defendant PTFS an increase in the salary that he had made as an employee of another vendor for the Library of Congress. Exhibit 1 at page 47-48.

3.	In October of 2005, the plaintiff's direct supervisor at the Library of Congress was a Library of Congress employee, Ursula Holmes. Exhibit 1 at page 23. Ms. Holmes was the Contracting Officer's Technical Representative who was responsible for giving the plaintiff his work assignments at the Library of Congress beginning in October of 2005 when she was first employed by the Library of Congress. See, deposition transcript of Sheila Hess dated September 20, 2007, which is attached hereto as Exhibit 2 and incorporated by reference, at pages 20-25; see also, Affidavit of Ursula Holmes dated October 5, 2007, which is attached hereto as Exhibit 3 and incorporated by reference, at ¶s1-8.

4.	In mid December of 2005, Ms. Holmes concluded that the plaintiff's performance was unsatisfactory and she further determined that the plaintiff should cease his work as a contract specialist at the Library of Congress because of his poor performance. Exhibit 3 at ¶s 6-10. Ms. Hess communicated her performance based decision regarding the plaintiff to Ms. Hess orally in December of 2005 and by email dated December 29, 2005. Exhibit 3 at ¶s9-10; see also, a copy of the email sent by Ms. Holmes to Ms. Hess dated December 29, 2005, which is attached hereto as Exhibit 3(A) and incorporated by reference;[1] Exhibit 2 at pages 5, 24. When Ms. Holmes expressed her dissatisfaction about the plaintiff's performance, she also expressed dissatisfaction and performance concerns about other contractual workers employed by PTFS

---

[1] The email dated December 29, 2005 was also Exhibit 3 to the plaintiff's deposition transcript dated July 3, 2007 (Exhibit 1).

under the age of forty (40).  Exhibit 2 at pages 38-40; Exhibit 3 at ¶12; Exhibit 3(A); see also, Defendant's Answers to Plaintiff's Interrogatories at answer to interrogatory number 3 (pages 5-6), answer to interrogatory number 8 (page 8), and answer to interrogatory number 13, which document is attached hereto as Exhibit 4 and incorporated by reference.

5. The plaintiff has no admissible evidence whatsoever that his termination from the employment of the defendant PTFS was because of illegal discrimination because of his age. Exhibit 1 at pages 61-66; pages 70-74, 76, 80-81, 110.  See, Plaintiff's Answers to Interrogatories mailed on August 27, 2007, which Answers are attached hereto as Exhibit 5 and incorporated by reference, at pages 11-15; see also, Plaintiff's Responses to Defendant's Requests for Production of Documents, which Responses and the two attached documents are collectively attached hereto as Exhibit 6 and incorporated by reference.

6. The only admissible and undisputed evidence is that the defendant PTFS did not illegally discriminate against the plaintiff for any reason, including his age.  The only admissible and undisputed evidence is that a worker's age was never a factor in Ms. Holmes' performance decisions, including Ms. Holmes' decision to replace the plaintiff.  Exhibit 1 at pages 78, 83-86; Exhibit 3 and Exhibit 3(A).  The plaintiff has no evidence that the defendant PTFS knew whether Ms. Holmes did, or did not, have an alleged preference for younger workers.  Exhibit 1 at pages 84-85, 98.  Ms. Holmes' denies any such illegal preference.  Exhibit 3.  Ms. Holmes' complaints about both Ms. Tubman and Ms. Baker belie any such illegal preference.  Exhibit 3(A).  The only undisputed evidence is that the plaintiff's termination by the defendant PTFS was as a result of the plaintiff's unsatisfactory performance for the defendant's customer, and not his age, and as a result of the defendant PTFS' business legitimate, non-discriminatory reasons.  Exhibit 4 at

answer to interrogatory number 6 (page 7) and at answer to interrogatory number 8 (page 8).

7. Even after the defendant PTFS was required to remove the plaintiff from the Library of Congress for his documented performance deficiencies, the plaintiff concedes that the defendant PTFS tried to find another position for him.  The defendant PTFS also extended the plaintiff's effective date of termination so that his termination would not disrupt his elective medical surgery.  Exhibit 1 at pages 56-60, 88; Exhibit 2 at 33.

### D. Argument:  Plaintiff Cannot Establish His Claim of Age Discrimination

In order to prove his claims of age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq., the plaintiff must first produce evidence of direct discrimination or, alternatively, show (1) that he belongs to a protected class; (2) that he suffered an adverse employment action; and (3) that the unfavorable action gives rise to an inference of discrimination.  See, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L.Ed.2d 668, 93 S.Ct. 1817 (1973); Dunaway v. Int'l Bhd. of Teamsters, 354 U.S. App. D.C. 36, 310 F.3d 758, 763 (D.C. Cir. 2002); Brown v. Brody, 339 U.S. App. D.C. 233, 199 F.3d 446, 452 (D.C. Cir. 1999); Hall v. Giant Food, Inc., 336 U.S. App. D.C. 63, 175 F. 3d 1074, 1077 (D.C. Cir. 1999); Mianegaz v. Hyatt Corporation, 2004 U.S. Dist. LEXIS 9244 (D.D.C. May 20, 2004); Colbert v. Chao, 2001 U.S. Dist. LEXIS 8266 (D.D.C. June 19, 2001), affirmed, 2002 U.S. App. LEXIS 26169 (D.C. Cir. 2002).  To raise an inference of disparate treatment in an age discrimination case, a plaintiff "must point to a worker with a "significant" or "substantial" difference in age whose employment situation was nearly identical, but who was treated more favorably.  Beeck v. Federal Express Corp., 81 F.Supp. 2d 48, 54 (D.D.C.  2000).  The plaintiff has no such direct evidence of illegal age discrimination or even circumstantial

evidence of illegal age discrimination. Ms. Chelsea Baker's situation disproves even a claim of age discrimination against the Library of Congress, and there is no evidence that the defendant PTFS acted for any reason other than for its contractual and business reasons. Even after re-opening discovery, the plaintiff cannot produce any evidence that would create even an inference that age was a determining factor in Ms. Holmes' decision to have the defendant PTFS replace the plaintiff or in the later decision by the defendant PTFS to terminate the plaintiff's employment. The plaintiff cannot prove that he was performing his job satisfactorily to meet the legitimate expectations of the Library of Congress and he cannot prove that younger workers were treated preferentially. In fact, the evidence from the plaintiff's own testimony is that younger and older workers were treated exactly the same since Ms. Holmes complained about younger workers for performance reasons and recommended that any worker, regardless of age, be replaced for unsatisfactory performance.

    If a plaintiff had succeeded in proving his prima facie case, a presumption that the employer unlawfully discriminated against the employee would have arisen. See, Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 67 L.Ed.2d 207, 101 S.Ct. 1089 (1981), and the burden would then shift to the defendant PTFS "to articulate some legitimate nondiscriminatory reason for the employee's rejection." McDonnell Douglas, 411 U.S. at 802. Here, the plaintiff has failed in satisfying his initial burden. Furthermore, the only evidence is that the defendant PTFS has multiple legitimate and non-discriminatory reasons for having had to terminate the plaintiff after its contractual customer, thorough Ms. Holmes, not only complained about the plaintiff's performance but also articulated specific examples to justify her performance based conclusions that the plaintiff's performance was poor and after it was unable to find

replacement employment for the plaintiff.

In sum, and like the plaintiff in <u>Miangaz v. Hyatt Corporation</u>, <u>supra.</u>, the plaintiff has produced no evidence and has not testified that the defendant PTFS took any adverse action against him because of his <u>age</u>. The plaintiff cannot even establish that actions of the Library of Congress were based upon any reason besides the plaintiff's deficient performance. The record before this Honorable Court does not reveal any conceivable basis for a viable claim under the ADEA in light of <u>Hazen Paper Co. v. Bigins</u>, 507 U.S. 604, 123 L.Ed.2d 338, 113 S.Ct. 1701 (1993) and <u>Beeck v. Federal Express Corp</u>., 81 F. Supp. 2d 48, 52-53 (D.D.C. 2000). All of the evidence supports that the plaintiff's age was just not a factor in his ultimate termination. Certainly, it is nonsensical that the defendant PTSF, in light of the documented unsatisfactory performance of the plaintiff and in light of its customer's obvious dissatisfaction with the plaintiff's work, would have any obligation to try to force the Library of Congress to work with the plaintiff, merely because the plaintiff felt his performance was satisfactory. An employer does not have any legal obligation to commit contractual or professional suicide by forcing its customer to accept poor performing workers with documented weaknesses. It is well settled that this Honorable Court does not sit as a "super-personnel committee that reexamines an entity's business decisions for fairness. <u>Forman v. Small</u>, 350 U.S. App. D.C. 24, 271 F.3d 285, 291 (D.C. Cir. 2001). Under these undisputed and material facts, the defendant PTFS is entitled to summary judgment as a matter of law.

### E.   <u>CONCLUSION</u>

For all of the foregoing reasons, the defendant PTFS respectfully requests that this

Honorable Court grant its Motion for Summary Judgment and dismiss the plaintiff's action <u>with prejudice</u>.

>Respectfully submitted,
>
>JORDAN, COYNE & SAVITS, L.L.P.
>
>By: /s/ ***DEBORAH MURRELL WHELIHAN***
>   Deborah Murrell Whelihan, #412454
>   1100 Connecticut Avenue, N.W.
>   Suite 600
>   Washington, D.C.  20036
>   Telephone:  (202) 296-4747
>   Email: d.whelihan@jocs-law.com
>
>   Attorneys for Defendant Progressive Technology Federal Systems, Inc.