IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SELWYN G. DARBEAU, )
)
Plaintiff, )
)        Civil Action No.:  06-1081(AK)
v. )
)
LIBRARY OF CONGRESS, et al., )
)
Defendants. )
)
)

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

The defendant, Progressive Technology Federal Systems, Inc. ("Defendant"), by and through its attorneys, Deborah Murrell Whelihan and JORDAN, COYNE & SAVITS, L.L.P., answers the interrogatories propounded by the plaintiff and states as follows:

A.    The information contained in these Answers is being provided in accordance with the provisions and intent of Rules 26 and 33 of the Federal Rules of Civil Procedure, which require the disclosure of all facts which may be relevant or may lead to the discovery of relevant information.  Accordingly, the parties answering these Interrogatories, by providing the information requested, does not waive objections to their admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

B.    The information supplied in these Answers is not based solely on the knowledge of the executing parties, but includes knowledge of the parties, their agents, representatives and attorneys, unless privileged.  Nothing herein shall be construed as admission by the defendant as to the admissibility or relevance of any fact, or of the truth or accuracy of any characterization made by the Plaintiff in these Interrogatories.



EXHIBIT

4

C.      The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and thus, does not necessarily purport to be the precise language of the executing party.

## GENERAL OBJECTIONS

1.      The Defendant objects to the Interrogatories to the extent that they call for the disclosure of materials protected by the attorney-client privilege and/or work-product privilege, and will not disclose such information.

2.      The Defendant objects to the Interrogatories to the extent that they call for disclosure of materials prepared in anticipation of litigation and/or trial preparation material.

3.      The Defendant objects to the Interrogatories to the extent that they are so vague, overly broad, and unduly burdensome as to render it impossible to respond in any reasonable manner or amount of time.

4.      The Defendant objects to the Interrogatories as unduly burdensome and oppressive insofar as they seek information or materials already within the Plaintiff's knowledge, possession and/or control.

5.      The Defendant objects to the Interrogatories to the extent that they purport to require the Defendant to locate or produce documents that are not in the Defendant's possession, custody or control.

6.      The Defendant objects to the Interrogatories as being improper, unduly burdensome, and oppressive in that they request the Defendant to identify all facts, persons with knowledge and documents relating to their contentions in this action well prior to the completion of discovery herein.

-2-

7.    The Defendant objects to the Interrogatories to the extent that they require the Defendant to detail all of its legal contentions and all supporting facts, on the grounds that such requests are premature at this stage of the litigation and would entail undue burden and expense for the Defendant while discovery progresses.  The Defendant reserves the right to amend or supplement their responses after discovery is concluded in this action.

*    *    *    *

Interrogatory No. 1:    Please identify persons who have knowledge of the following:

a.    Plaintiff's job performance and ability to fill the position of contract specialist;

b.    the charges filed by Plaintiff with the Equal Employment Opportunity Commission;

c.    layoffs of individuals over 40 years old after the employment of Ursula Holmes at the Library of Congress;

d.    meetings, conferences, or discussion [sic] where Plaintiff's complaints, job performance, termination were discussed;

e.    the job performance of Plaintiff's supervisors.

**ANSWER:**

**a.    Ursula Holmes, employed by the Library of Congress, and Sheila Hess, employed by the Defendant have such knowledge.**

**b.    Upon advice of counsel, this Defendant reiterates its General Objections since this Interrogatory seeks information which is unduly burdensome and overly broad and beyond the personal knowledge of the Defendant.  The Defendant presumes that the Plaintiff and the Equal Employment Opportunity Commission would have knowledge of**

-3-

the Plaintiff's charges filed with the Equal Employment Opportunity Commission, as the Defendant has only a copy of the written charge.

      c.      This Defendant does not have any knowledge about layoffs beyond those contractors which it employed and does not have knowledge regarding layoffs made by age as it does not keep such records and, upon advice of counsel, objects to this Interrogatory as overly broad and unduly burdensome, and reiterates its General Objections. Subject to and without waiving said objections, and with respect to the Defendant's employees, Ursula Holmes and Jackie Johnson (both employed by the Library of Congress) as well as Sheila Hess, employed by the Defendant, would have knowledge of the identity of employees employed by the defendant who were laid off.

      d.      Ursula Holmes, Jackie Johnson, and Sheila Hess have personal knowledge.

      e.      Upon advice of counsel, the Defendant objects to this Interrogatory and reiterates its General Objections. Without waiving its General Objections, the Defendant would only have knowledge about the job performance of Sheila Hess as an employee of PTFS and would not have knowledge about the job performance of Ursula Holmes or any other supervisory employee of the Library of Congress.

Interrogatory No. 2:    For each person identified in answer [sic] to Interrogatory No. 1, please state and describe what contact Defendant, through its representatives, employees, agents, independent contractors, insurers and/or attorney has had with him or her pertaining to this lawsuit.

**ANSWER:**

Upon advice of counsel, the Defendant objects to this Interrogatory as improper since this Interrogatory seeks information protected from discovery by the attorney work product privilege and attorney-client privilege, since the only contact has been through or under the direction of the Defendant's attorneys.

Interrogatory No. 3:    Please state and describe each and every ground relied upon, known, and/or heard by Defendant to indicate or demonstrate that Plaintiff did not merit retention or his performance level was incompetent.

**ANSWER:**

Upon advice of counsel, the Defendant reiterates its General Objections. Without waiving its General Objections, the Defendant was told that Plaintiff was unable to effectively manage his workload; that Ursula Holmes, who oversaw the department in which Plaintiff worked, received telephone calls from customers complaining of Plaintiff's failure to respond to their requests; that Ursula Holmes had to repeatedly correct typographical errors as well as process errors in Plaintiff's work; that Plaintiff was unable to meet a functional level of satisfactory competence with the Library of Congress' electronic acquisition system; that Plaintiff promised to respond to requests from Ursula Holmes, but repeatedly failed to do so; gave "update" information to Ursula Holmes which was false, leading to Ms. Holmes providing inaccurate information to customers; and generally performed at a sub-satisfactory level. When the Defendant's customer told Defendant that Plaintiff's work was so unacceptable that he was not to return to work at the Library of Congress, the Defendant had to abide by its customer's instruction. Finally,

when Ms. Holmes requested that he be replaced, there were no other opportunities

available for Plaintiff with the Defendant since his hiring was because of his prior

employment by the previous contractor for the Library of Congress, and he was let go.

Interrogatory No. 4:    Please identify and list each contract specialist employed by Defendant

from October 2005 to date indicating the age, salary, and current status of each employee.

ANSWER:

Objection.  This interrogatory is overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and

without waiving said objection, the following individuals were employed by Defendant as

contract specialists from October 2005 until the present:

1. Chelsea Baker, 11/24/1979, $34,840, no longer employed by Defendant.

2. Rene Servin, 5/26/1957, $37,981, employed by Defendant.

3. Selwyn Darbeau, 3/1/1946, $60,570, no longer employed by Defendant.

4. Verna Tubman, 10/10/1963, $33,842, employed by Defendant.

5. Kelly Green, 5/8/1981, $33,842, no longer employed by Defendant.

6. Charlyn Smith-Miller, 2/14/1965, $33,842, no longer employed by Defendant.

7. Tamara Williams, 7/24/1979, $32,552, no longer employed by Defendant.

8. Latrina Wright, 3/8/1979, $33,842, no longer employed by Defendant.

9. Latalya Palmer-Lewis, 12/7/1974, $33,842, no longer employed by Defendant.

10. Mark Shuler, 3/12/1962, $33,842, no longer employed by Defendant.

11. Lisa Brooks, 8/22/1968, $33,842, employed by Defendant.

12. Latoya Peterson, 9/29/1983, $33,842, employed by Defendant.

13.    **Jean Bulter, 12/25/1967, $33,842, employed by Defendant.**

<u>Interrogatory No. 5</u>:    Please state and describe the employment practices and policies relating to assignment, promotion, evaluation, discipline, discharge, permanent layoff, location and compensation of contract specialists.

**ANSWER:**

**The Defendant refers the Plaintiff to PTFS Employee Handbook, at §§ 2.1, 2.6, 2.10, and 2.11, copies of which provisions are produced in response to Plaintiff's Requests for Production of Documents.**

<u>Interrogatory No. 6</u>:    Please state and describe each and every ground relied upon, known, and/or heard by Defendant to indicate that the complaint fails to state a claim upon which relief may be granted.

**ANSWER:**

**Upon advice of counsel, the Defendant reiterates its General Objections.  Without waiving its General Objections, the Defendant had a legitimate business reason for its termination of Plaintiff since its customer was dissatisfied with Plaintiff's performance.**

<u>Interrogatory No. 7</u>:    Please state and describe each and every ground relied upon, known, and/or heard by Defendant to indicate that Plaintiff has not exercised reasonable diligence in mitigating his damages.

**ANSWER:**

**Upon advice of counsel, the Defendant reiterates its General Objections.  Without waiving its General Objections, based upon the Plaintiff's deposition, he did not exercise diligence or reasonable efforts in finding alternative employment.**

<u>Interrogatory No. 8</u>:   Please state and describe each ground relied upon, known, and/or heard by Defendant to indicate that Defendant would have made the same decision regarding Plaintiff without regard to his age.

**ANSWER**:

**Upon advice of counsel, the Defendant reiterates its General Objections. Without waiving its General Objections, this interrogatory calls for speculation, and assumes an ultimate issue of fact– that Plaintiff's age was a factor in Plaintiff's termination. Subject to and without waiving said objection, Defendant's decision to terminate Plaintiff was based on Plaintiff's reportedly poor work performance, the request by Ursula Holmes that he be replaced, and the lack of alternate opportunities with Defendant at the time. Plaintiff's age was not a factor in the determination to terminate Plaintiff's employment.**

<u>Interrogatory No. 9</u>:   Please describe every charge and/or lawsuit brought against Defendant alleging age discrimination or breach of employment contract, indicating for each the name of the person bringing the suit, the forum, the case or docket number, status, resolution, and contents.

**ANSWER**:

**Objection. This interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, there have been no other charges made or lawsuits filed alleging age discrimination or breach of employment contract for the past ten (10) years, excluding those charges and lawsuit brought by Selwyn Darbeau.**

Interrogatory No. 10:  Please describe each conversation Plaintiff had with his supervisors or they had regarding him that pertained to his complaints about discrimination, job performance, and/or evaluation.

**ANSWER:**

Objection.  This interrogatory is overbroad and unduly burdensome.  Subject to and without waiving said objection, Sheila Hess telephoned Plaintiff to inform him that Ms. Holmes had requested he be replaced and that Defendant was terminating his employment. Additionally, Ms. Hess and Anne Thomas, both employees of Defendant, met with Plaintiff after Plaintiff's termination to discuss the reasons for Plaintiff's termination.

Interrogatory No. 11:  Please identify the contract specialist who replaced the plaintiff, indicating the individual's age, salary when hired, and educational and employment background.

**ANSWER:**

Kelly Green was hired to replace Selwyn Darbeau.  He is 26 years of age, and was hired at a rate of $15.65 per hour.  A copy of Mr. Green's resume will be produced.

Interrogatory No. 12:  Indicate what, if any, influence Ursula Holmes had upon the decision to terminate the Plaintiff.  Indicate who within the Defendant's supervisor's made the decision to terminate the Plaintiff.

**ANSWER:**

Upon advice of counsel, the Defendant reiterates its General Objections.  Without waiving its General Objections, it was a result of Ms. Holmes' request that Plaintiff be replaced because of his unsatisfactory performance that Plaintiff was terminated.  Ms. Hess made the decision as a result of Ms. Holmes' request, coupled with the lack of other

opportunities to place Plaintiff because he was hired for Defendant's contract with the Library of Congress.

Interrogatory No. 13: Identify any other contract specialist employed by Defendant with whom Ursula Holmes input was a factor in the decision to terminate said employee. Indicate the age of each such employee.

ANSWER:

Ms. Holmes' input was a factor in the decision to terminate Latrina Wright (born March 3, 1979); Chelsea Baker (born November 24, 1979); and Plaintiff.

Interrogatory No. 14: Identify who took over the workload of the Plaintiff when he left. Indicate the age of any individuals assuming any part of the workload of the Plaintiff.

ANSWER:

See Answer to Interrogatory No. 11.

Interrogatory No. 15: Indicate if Ursula Holmes made complaints about other contract specialists. If so, identify any such contract specialist and indicate the nature of the complaint.

ANSWER:

See Answer to Interrogatory No. 13.

Interrogatory No. 16: Identify if any contract specialist had complained about Ursula Holmes. If so, identify any such employee and identify the nature of any such complaint.

ANSWER:

Upon information and belief, Chelsea Baker complained about Ms. Holmes after Ms. Baker was terminated. Additionally, Plaintiff complained about Ms. Holmes after being informed that Defendant was terminating his employment.

-10-

Interrogatory No. 17:  Indicate if Ursula Holmes had a contractual right to determine what contract specialist were terminated.

**ANSWER:**

> **Ursula Holmes' opinion affected which of Defendant's employees worked in her department at the Library of Congress.**

Interrogatory No. 18:  Indicate what if any investigation was made into the charges made by Ursula Holmes against the Plaintiff.  Identify the individuals involved in any such investigation and indicate the results of any such investigation.

**ANSWER:**

> **Plaintiff's charges were investigated by Defendant's attorneys, which investigation is protected from discovery by the attorney work product and attorney-client privileges. However, in connection with Plaintiff's termination, Ms. Hess contacted Jackie Johnson to discuss the statements by Ms. Holmes regarding the Plaintiff's work performance.**

Interrogatory No. 19:  Indicate with respect to the Plaintiff if any disciplinary charges were ever brought or warnings related to job performance were ever provided.  If so, indicate the nature of any such charges and/or warnings.

**ANSWER:**

> **Upon advice of counsel, Defendant objects to this Interrogatory as overly broad and unduly burdensome.  Without waiving this objection, Defendant is unaware of any disciplinary charges or warnings relating to job performance being provided prior to Ms. Holmes' request that Plaintiff be replaced.  Defendant understands that Ms. Holmes gave**

ample feedback to Plaintiff about his performance issues without Plaintiff improving prior to her request to Defendant.

Interrogatory No. 20:  If Plaintiff ever received any commendations based upon job performance, please indicate the nature of any such commendation.

**ANSWER:**

　　　　This Defendant has no such knowledge.

Interrogatory No. 21:  Indicate if Defendant is aware of any complaints from the Library of Congress relating to the job performance of the Plaintiff prior to Ursula Holmes assuming a managerial position at the Library of Congress.

**ANSWER:**

　　　　This Defendant only recently became the subcontractor to the Library of Congress, and since Plaintiff had worked for the prior contractor, this Defendant has no such knowledge.

　　　　　　*　　　　　　　*　　　　　　　*

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

*Anne Thomas*

Anne Thomas
Progressive Technology Federal Systems, Inc.
Human Resources Director & FSO

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P.

By:_____/s/_____
        Deborah Murrell Whelihan #412454
        1100 Connecticut Avenue, N.W.
        Suite 600
        Washington, D.C.  20036
        (202) 296-4747

Attorneys for Defendant Progressive Technology Federal Systems, Inc.

-13-