UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU )<br>      Plaintiff )<br>)<br>v. )<br>)<br>PROGRESSIVE TECHNOLOGY )<br>FEDERAL SYSTEMS, INC. )<br>      Defendant )<br>_____) | Civil Action No. 06-01081<br>(AK) |

## PLAINTIFF"S ANSWERS TO INTERROGATORIES

### Preliminary Statement

In this matter, the investigation and discovery of the Plaintiff is continuing in reserves the right to refer to, conduct discovery with reference to, or offer as evidence hereafter, such information as may have, in good faith, not been included in the nature. As investigation and discovery proceed, witnesses, facts, documents and other evidence may be disclosed or learned that are not set forth hereinafter, but which may have been responsive to an interrogatory propounded by Defendant. Facts and other evidence, although known, may be imperfectly understood, or the relevance or import of such facts and evidence may be imperfectly understood and, accordingly, responses to interrogatories may, in good faith, be incomplete or inaccurate.

Plaintiff reserves the right to refer to, conduct discovery with reference to, or offer as evidence hereafter, such information as may have, in good faith, not been included in the following responses, despite such absence herein. If additional or different information is obtained before trial, these responses will be supplemented, either formally or informally.

EXHIBIT 5

## GENERAL OBJECTIONS

1. The responses to each and every interrogatory herein are subject to the general objections set forth here to avoid the duplication and repetition of stating them in each response. The objections may be specifically referred to in a response to certain of the interrogatories for the purpose of clarity. However, the failure to specifically incorporate a general objection should not be construed as a waiver of the general objection.

2. Plaintiff objects to each and every interrogatory to the extent it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each and every interrogatory in so far as it seeks information that is protected from disclosure by the attorney-client, work product, joint defense, and/or law enforcement privileges. To the extent Plaintiff inadvertently discloses information that may arguably be protected from discovery under these privileges, such inadvertent disclosure is not intended to constitute a waiver of any such privilege.

4. Plaintiff objects to each and every interrogatory to the extent that it is vague, ambiguous, overbroad, unduly burdensome or oppressive.

5. Plaintiff objects to each and every interrogatory to the extent it seeks to require him to provide information not known to him on the grounds that: such requests seek to require more of Plaintiff than any obligation imposed by law would subject it to unreasonable and undue annoyance, oppression, burden and expense; and would seek to impose upon Plaintiff an obligation to investigate or discover information or materials

from third parties or sources that are equally accessible to Defendant.

6. Plaintiff objects to each and every interrogatory to the extent it seeks information that has already been produced to Defendant.

7. Plaintiff objects to the definitions and instructions submitted along with Defendant"s interrogatories, to the extent said definitions and instructions purport to enlarge, expand or alter in any way the plain meaning and scope of any specific interrogatory on the grounds that such enlargement, expansion, or alteration renders said demand vague, ambiguous, unintelligible, unduly broad, uncertain, or overly burdensome and purport to impose obligations in excess of those imposed by the Superior Court Rules of Civil Procedure.

8. Nothing herein shall be construed as an admission or waiver by Plaintiff of: (i) his rights respecting the admissibility, competency, relevance, privilege, materiality or authenticity of the information provided in the responses, documents identified in the responses or the subject matter thereof; (ii) his objections due to vagueness, ambiguity or undue burden; and (iii) her rights to object to the use of information provided in the responses, documents identified in the responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action

## INTERROGATORIES

**INTERROGATORY NO 1:** Identify your full name, address, date of birth, Social Security number, marital status, present occupation and other names or aliases which you have used.

**ANSWER:**

| | |
|---|---|
| *Address:* | Selwyn Glenford Darbeau<br>1453 Queenie Smith Road, NE<br>Conyers, Georgia 30012 |
| *DOB:* | March 1, 1946 |
| *SSN:* | 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 |
| *Marital Status:* | Single |
| *Present Occupation:* | Unemployed |

**INTERROGATORY NO 2:** Identify your educational background and, for your education, provide the name of the institution that you attended, the degrees or certificates obtained, the dates any degrees or certificates were obtained, and your course of study.

**ANSWER:**

Progressive Educational Institute - Port-of-Spain, Trinidad & Tobago
GENERAL CERTIFICATE OF EDUCATION - 1965
(High School Graduate in General Subjects)

Washington Business Institute - New York, NY
Associate?s Degree - 1969
Business Management/Accounting

University of the District of Columbia
Bachelor of Arts - 1985
Management/Accounting

George Washington University
Certification - 1996
Contract Administration

**INTERROGATORY NO 3:** Identify your complete employment history and, for your employment, provide full and factual detail of each position of employment which you have held since high school, including the names and addresses of each employer, the dates of commencement and termination of each position of employment, your salary, and the reason for termination of each position of employment that you have held since

4

high school.

**ANSWER:**

National Railroad Passenger Corporation (AMTRAK)
L'Enfant Plaza, SW, Washington, DC
Internal Train Auditor
July 1972 - February 1981
$22,600

Due to sudden illness and the subsequent death of my father, I returned to Arima, Trinidad, for approximately two years (September 1978 through October 1980), as Managing Director of Darbeau & Sons, a family owned business which was eventually sold. Upon my return to the USA I tendered my resignation at AMTRAK.

Howard University - Comptroller?s Office
Fifth Street, NW, Washington, DC
Junior Accountant
April 1981 - June 1988
$23,000
Career Advancement

Howard University Hospital - Finance & Accounting Office
Georgia Avenue, NW, Washington, DC
Accountant
July 1986 - June 1988
$37,000
Career Advancement

Howard University College of Medicine - College of Allied Health
Bryant Street, NW, Washington, DC
Grants Administrator - NIV/AIDS Education Program
1988 - 1991
$45,000
Budget Freeze, position cut

QSOFT - Government Contractor
Tyson's Corner, VA
Project Manager
August 1991 - August 1994
$52,000
Company bought out

RVJ International;
Crystal City, VA
Project Manager
1994 - 1995
$55,000
Career Change

DC Government - Child & Family Services Agency
Contract Specialist
1995 - 2001
$55,000
Term Employment

American Management Services Corporation
Dept. of The Navy/Contractor
Silver Spring, MD
Contract Closeout Manager
September 2001 - September 2003
$60,000
Termination of Contract

Jardon & Howard Technologies Inc. (JHT)
Federal Government Contractor at Library of Congress
Orlando, FL
Contract Specialist
December 2003 - September 2005
$58,000
Change of Contractor to:

Progressive Technology Federal Systems (PTFS)
Bethesda, MD
Contract Specialist
September 2005 - January 2006
$60,569

Marshall Heights Community Development Organization (MHCDO)
Washington, DC
Accounting Director
September 2006 - January 2007
$65,000
Health Reasons

**INTERROGATORY NO 4:** If you have ever been a party to any claim, grievance, or lawsuit, either as a plaintiff or as a defendant, either before or after this lawsuit commenced, identify all information regarding those claims, grievances, and lawsuits, including the court or agency where such action was filed, the case or docket number, the name of the opposing party, the subject matter of the claim, grievance, or lawsuit, the date of filing and the ultimate resolution.

    **ANSWER:** As a result of complaints/grievances filed with the D.C. Office of Human Rights and the Equal Employment Opportunity Commission by a group of African American employees against the National Railroad Passenger Corporation (AMTRAK) a Class Action Lawsuit was filed with the District Court for the District of Columbia, Docket Number 79-1506. The Complaint, was for discrimination.

**INTERROGATORY NO 5:** Identify every person who has knowledge of the facts material to your cause of action and the events forming the basis of each cause of action or claim against the defendant PTFS and include in your answer the substance of any such knowledge known to each and whether such person gave any statement or account, either orally or in writing, of his or her knowledge, and identify the custodian of any such statements.

    **ANSWER:**

The Acting Contracting Director, the Supervisory Contract Specialist, Administrative Personnel, all Contract Specialists (employees of the Library and Contracted) employed at the Library of Congress during the Period December 2003 to the present, namely:

William Barker - Contracting Officer at the Washington, D.C. Navy Yard's Fleet & Industrial Supply Center, during my tenure under contract with AMSC.

Recognized my job performance and recommended letter of appreciation from the captain at the Navy Yard (Letter available upon request).

Napoleon Jasper Along with Mr. Barker, interviewed me for the position as contract specialist. Mr. Jasper was my immediate Supervisor until his retirement.

Joyce Garner - Administrative Assistant to Mr. Barker

<u>Contract Specialists</u> - Christopher Hanson, Valda Mumfree, Joann Walker, Arneen Dozier, Chelsea Baker, Carlton Myers, Rene Servin, Verna Tubman, Erik (IT Specialist), Jim (IT Specialist) and all other employees present at the November 2, 2005 Contracts Team Meeting, conducted by Ursula Holmes.

**INTERROGATORY NO 6:** For each person who you listed in your Rule 26(a)(1) disclosures, identify the specific information which you believe that those persons have as to the claims made in your lawsuit, including but not limited to your job performance when you worked for the Library of Congress and to Ms. Ursula Holmes' treatment of you.

**ANSWER:** Objection. This Interrogatory in overly broad. Further answering, without waiving said objection, see Rule 26(a)(1) disclosure statement, previously provided.

**INTERROGATORY NO 7:** Identify all oral or written communications which you have had with the persons who you listed in your Rule 26(a)(1) disclosures and all oral or written communications which you have had with other persons who were not identified in your Rule 26(a)(1) disclosures which in any way refer, relate to or pertain to your employment by the defendant PTFS or which refer, relate to, or pertain to the subject matter of this lawsuit, except those to which you claim are privileged.

**ANSWER:** Objection. This Interrogatory is in violation of the work product

8

privilege.

**INTERROGATORY NO 8:** Identify each expert witness whom you expect to call at the time at trial and, as to each such expert, provide the following information:

    a. state the subject matter on which the expert is expected to testify;

    b. state the substance of the facts and opinions on which the expert is expected to testify;

    c. give a summary of the grounds for each opinion;

    d. identify all documents which refer, relate or pertain to your retention of each expert and/or the basis and substance of the expert's opinions; and

    e. provide the educational/professional qualifications of the expert.

**ANSWER:** Plaintiff has not identified any such expert.

**INTERROGATORY NO 9:** With the exception of communications which you have identified in response to the preceding interrogatories, identify all oral or written communications which you have had with the defendant PTFS or its employees, administrators, managers, agents, personnel and/or representatives, which refer, relate to, or pertain to your employment by the defendant PTFS at the Library of Congress or which refer, relate to, or pertain to the subject matter of the Complaint and identify in your answer the following:

    a. the party or parties to each such communication or present during such communication;

    b. the date, if oral, place, of each such communication;

    c. the manner of each such communication

    d. the substance of each such communication;

    e. identify all other persons present; and

    f. all documents which refer, relate or pertain to each such communication.

    ANSWER: Objection. This Interrogatory is in violation of the work product privilege.

**INTERROGATORY NO 10:** Identify all of the facts and circumstances for each unfounded allegation or communication which you have contended were made by your former supervisor, Ursula Y. Holmes, to anyone including but not limited to those allegations and communications between Ms. Holmes and Ms. Hess, and, include in your answer the identity of all persons who witnessed such communications and all documents which evidence, refer, relate, or pertain to such communications.

    ANSWER: As discovery in this matter is not yet concluded, this Interrogatory will have to be answered by supplementary response.

**INTERROGATORY NO 11:** If you contend that your job performance was at all times satisfactory or superior to any other persons whose employment was not terminated, identify all facts upon which you base your contentions, identify all documents which refer, relate or pertain to such facts, and identify all persons who have personal knowledge of such facts.

    ANSWER: Objection. This Interrogatory is overly broad and not limited in time or scope. Further responding without waiving said objection, see plaintiff's personnel record and evaluations. Plaintiff's supervisors and other individuals involved with human resources and personnel would have knowledge of this information.

**INTERROGATORY NO 12:** Identify all facts upon which you base your contentions in the Second Amended Complaint that the defendant PTFS committed any acts of discrimination on the basis of your age, and provide with your answer the identity of all documents which refer, relate or pertain to such facts, and the identity of all persons having personal knowledge of such facts.

> **ANSWER:** As discovery in this matter is not yet concluded, this Interrogatory will have to be answered by supplementary response. Further responding, to the best of my knowledge the individual who replaced me was a younger, male individual.

**INTERROGATORY NO 13:** Identify all facts upon which you base your contentions in the Second Amended Complaint that Ms. Holmes allegedly displayed a preference for younger workers and initiated efforts to have older workers replaced and/or terminated, and provide with your answer the identity of all documents which refer, relate or pertain to such facts, and the identity of all persons having personal knowledge of such facts.

> **ANSWER:** As discovery in this matter is not yet concluded, this Interrogatory will have to be answered by supplementary response.

**INTERROGATORY NO 14:** Identify all facts upon which you base your contentions in the Second Amended Complaint that Ms. Hess should have known that Ms. Holmes' statements were false and unfounded and that she should have known that Ms. Holmes allegedly displayed a preference for younger workers and initiated efforts to have older workers replaced and/or terminated, and provide with your answer the identity of all documents which refer, relate or pertain to such facts, and the identity of all persons having personal knowledge of such facts.

ANSWER: As discovery in this matter is not yet concluded, this Interrogatory will have to be answered by supplementary response. Further responding, Ms. Hess was not forthcoming with an explanation for my termination. Not until she produced a copy of the e-mail from Ms. Holmes, did I have any idea as to the unfounded allegations which supposedly precipitated my termination.

**INTERROGATORY NO 15:** If you contend that there were persons who you contend were treated differently than you by the defendant PTFS and the Library of Congress and who received preferential treatment by the defendant PTFS, identify the identify of those persons and explain how such persons were treated compared to you.

ANSWER: As discovery in this matter is not yet concluded, this Interrogatory will have to be answered by supplementary response. Further responding, Verna Tubman, a black younger female, with absolutely no contract experience or background has been retained as an employee of the PTFS/LOC. Arneen Dozier, a black female LOC employee, a diabetic, like myself, was allowed to work at home as a result of complications from diabetes.

**INTERROGATORY NO 16:** Identify all actions which you took or have taken to mitigate your alleged damages, including but not limited to every action you took towards finding replacement employment after your termination by the defendant PTFS, and include in your answer all job advertisements that you answered, all applications that you made, all job interviews that you had and any and all offers of employment that you received.

ANSWER: Various efforts were made in an attempt to seek employment. These efforts include routine mailing and submissions of resumés in addition to searches

12

on the internet.

**INTERROGATORY NO 17:** Identify and itemize each and every element of damage (including any amounts of income and/or benefits to which you claim entitlement) which you contend was the proximate result of any alleged actions or inactions of the defendant PTFS and include in your answer the following information as to each element:

>   a. the amount of damages claimed;
>
>   b. the facts upon which you base your contention that you have been damaged in that amount; and
>
>   c. the method and basis of computation of such damages.

ANSWER: $450,000.00. See Second Amended Complaint. This is a subjectively determined estimate. Damages for back pay would be determined based upon the length of time that the plaintiff was out of work. Attorney's fees would be determined using the Laffey Matrix and the loadstar approach.

**INTERROGATORY NO 18:** If you contend that the defendant PTFS made any admission or acknowledgment of liability to you in this matter, identify the nature of the admission or acknowledgment, whether the acknowledgment or admission was oral or in writing, the date said admission or acknowledgment was made, and the names and addresses of all individuals present when said admission or acknowledgment was made.

ANSWER: Not applicable.

**INTERROGATORY NO 19:** If you contend that the defendant PTFS was not justified in terminating your employment based upon the complaints made by the Library of Congress about your performance, identify all facts upon which you rely to support your

13

contention and include in your answer the identity of all documents which refer, relate or pertain to such contention and the identity of all persons who have personal knowledge of such contention.

    **ANSWER:** As discovery in this matter is not yet concluded, this Interrogatory will have to be answered by supplementary response.

<u>**INTERROGATORY NO 20:**</u> Identify all counselors and any health providers, physicians, doctors, nurses, psychologists, therapists, chiropractors, hospitals, clinics, and/or other institutions, which have examined, treated, diagnosed and/or rendered any care to you for any emotional distress, mental, psychological, and/or injuries which you claim that you suffered as a result of any actions or inactions by the defendant, and include in your answer:

    a. the identity of the doctor, nurse, health care provider, hospital, clinic, therapist, counselor, and/or institution visited;

    b. the dates of the visit

    c. the nature and extent of the examination, treatment, diagnosis and/or care received.

    d. each and every diagnosis or prognosis; and

    e. the dollar amount of any charges.

    **ANSWER:** Not applicable.

<u>**INTERROGATORY NO 21:**</u> Identify whether you have ever been charged with, arrested for, or convicted of any crimes other than minor traffic violations and, if so, give the

ANSWER: Not applicable.

**INTERROGATORY N0 21:** Identify whether you have ever been charged with, arrested for, or convicted of any crimes other than minor traffic violations and, if so, give the date(s) and nature of such crime(s), the sentence imposed or the disposition of the charges, whether you agreed to any fine or restitution, and the court and locations thereof.

ANSWER: No.

**I DO SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING DOCUMENT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

_____
Selwyn Darbeau

Objections as noted.

Respectfully submitted,

_____
John F. Pressley, Jr., #379716
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012
(202) 723-8800
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answers to Interrogatories was mailed this 27th day of August, 2007 to:

Deborah Whelihan
Jordan, Coyne & Savits, LLC
1100 connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036

14