UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU )<br>    Plaintiff )<br>)<br>v. )<br>)<br>PROGRESSIVE TECHNOLOGY )<br>FEDERAL SYSTEMS, INC. )<br>    Defendant )<br>_____) | Civil Action No. 06-01081<br>(AK) |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents that refer to, relate to, concern, support and/or evidence any and all communications between you and the defendant PTFS, including but not limited to any correspondence, emails, notes, memoranda, and/or any other writings whatsoever.

    **RESPONSE:** As discovery in this matter is not yet concluded, any responsive documents will have to be provided by supplementary production.

2. Any and all documents that refer to, relate to, concern, support and/or evidence any and all communications between the Library of Congress and you, including but not limited to any correspondence, emails, notes, memoranda, and/or any other writings whatsoever, regarding your employment at the Library of Congress and your performance.

    **RESPONSE:** As discovery in this matter is not yet concluded, any responsive documents will have to be provided by supplementary production.

3. Any and all documents that refer to, relate to, concern, support and/or evidence any and all communications between the Library of Congress and the defendant PTFS, including but not limited to any correspondence, emails, notes, memoranda, and/or any

EXHIBIT 6

other writings whatsoever, regarding your employment at the Library of Congress and your performance.

    **RESPONSE:** See attached document.

4. Any and all documents that refer to, relate to, concern, support and/or evidence any and all communications between Ms. Ursula Holmes and Ms. Shelia Hess, including but not to any correspondence, emails, notes, memoranda, and/or any other writings whatsoever, regarding your employment at the Library of Congress and your performance.

    **RESPONSE:** See attached document.

5. Any and all documents that refer to, relate to, concern, support and/or evidence your contention that Ms. Ursula Holmes displayed a preference for younger workers.

    **RESPONSE:** As discovery in this matter is not yet concluded, any responsive documents will have to be provided by supplementary production.

6. Any and all documents that refer to, relate to, concern, support and/or evidence your contention that Ms. Ursula Holmes initiated efforts or took actions to have older workers terminated or replaced by PTFS.

    **RESPONSE:** As discovery in this matter is not yet concluded, any responsive documents will have to be provided by supplementary production.

7. Any and all documents, which relate to and/or concern your employment with the defendant PTFS including but not limited to any personnel and benefits manuals or handbooks in effect at the time of your employment with the defendant PTFS, any and all job descriptions, any and all performance records, reviews, or evaluations of you, and

any claims or complaints that you made regarding your employment during your employment.

    **RESPONSE:** See attached documents.

8. Any and all documents that relate to, refer to, and/or concern any prior employment that you have had, including your employment with Johnson and Howard, or any present employment that you have, including your personnel file, any personnel records of any kind, contracts, or employment manuals.

    **RESPONSE:** Objection. This Request is overly broad.

9. Any and all documents that relate to, refer to, and/or pertain to any claim, grievance, or lawsuit in which you have been involved, including any pleadings, papers or transcripts of testimony, including any claims that you have made against your employers regarding discrimination and/or retaliation.

    **RESPONSE:** See attached document.

10. Any and all documents that refer to, relate to, concern, support and/or evidence your contention regarding Ms. Ursula Holmes' efforts to have older workers replaced or terminated or that refer to, relate to, concern, support and/or evidence your contention regarding the preferential treatment of younger employees by Ms. Ursula Holmes.

    **RESPONSE:** As discovery in this matter is not yet concluded, any responsive documents will have to be provided by supplementary production.

11. Any and all documents that evidence, refer, relate to, or pertain to complaints that you made to the defendant PTFS or to the Library of Congress prior to your termination about Ms. Holmes' alleged preference for younger workers or her alleged actions to

replace or terminate younger workers.

**RESPONSE:** Any relevant documents will have to be provided by supplementary response.

12. Any and all documents that refer to, relate to, concern, and/or evidence the defendant PTFS's alleged knowledge that the Library of Congress or Ms. Holmes preferred younger workers or the defendant PTFS' alleged knowledge that Ms. Holmes was terminating and/or replacing workers on the basis of their age.

**RESPONSE:** As discovery in this matter is not yet concluded, any responsive documents will have to be provided by supplementary production.

13. Any and all documents (performance appraisals, evaluations, or other writing) that refer to, concern, and/or your performance during any employment that you have ever had, including but not limited to your employment with the Library of Congress, as a employee for Johnson and Howard or as an employee of the Library of Congress.

**RESPONSE:** Objection. This Request is overly broad.

14. Any and all documents which evidence, support, relate to and/or refer to any alleged damages claimed you (sic), including any losses of income and/or benefits.

**RESPONSE:** Any relevant documents will have to be provided by supplementary response.

15. Any and all documents that relate to, concern, and/or evidence your efforts to mitigate your alleged damages, including but not limited to all efforts which you made to find employment following your termination by the defendant PTFS, including any advertisements to which you responded, all job applications that you submitted, all job

interviews that you have obtained, all offers of employment that you received, and any employment that you accepted following your termination.

**RESPONSE:** Any relevant documents will have to be provided by supplementary response.

16. Any and all documents, including any complaints or reports of any kind, which you have submitted to any organization, corporation, or agency which relate to, refer to, and/or pertain to your claims.

**RESPONSE:** See attached document.

17. The statements (written, electronic, and/or recorded) of any person(s) having personal knowledge concerning the events complained of by you in your Second Amended Complaint and/or the statements of any agents, servants and/or employees of the defendant PTFS which have been taken and reduced to writing by you, or by anyone purporting to act on your behalf, in connection with the investigation and/or prosecution of the claims giving rise to this lawsuit.

**RESPONSE:** Objection. This Request violates the Work Product Rule.

18. The statements (written, electronic, and/or recorded) of any the persons who you identified in your Rule 26(a)(1) disclosures.

**RESPONSE:** Objection. This Request violates the Work Product Rule.

19. Copies of your federal and state income tax returns for the years 2004 through the present, inclusive.

**RESPONSE:** Objection. This Request is irrelevant and not likely to lead to the discovery of admissible evidence.

5

20. Copies of any 1099s or W-2s which you received for any employment from 2005 to the present.

>  RESPONSE: Objection. This Request is irrelevant and not likely to lead to the discovery of admissible evidence.

21. Copies of any medical reports, records, or bills, treatment notes of any and all health care providers, counselors, therapists, physicians, hospitals, and/or other service providers, which reflect any treatment and services received by you for the past ten (10) years for the injuries which you have claimed as damages in this action.

> RESPONSE: Not applicable.

22. Copies of any medical reports, records, or bills, treatment notes of any and all health care providers, counselors, therapists, physicians, hospitals, and/or other medical service providers, which reflect any treatment and services received by you as a result of the matters alleged in your Second Amended Complaint.

> RESPONSE: Not applicable.

23. Any and all documents relating to the matters set forth in the Complaint which were exchanged between you and any other party, person or entity, except those documents, if any, which were exchanged between you and any of your attorneys with respect to which you claim privilege.

> RESPONSE: Objection. This Request violates the Work Product Rule.

24. Any and all documents concerning any admission or acknowledgment of liability to you by any of the defendant PTFS (sic).

> RESPONSE: As discovery in this matter is not yet concluded, any responsive

documents will have to be provided by supplementary production.

25. All written reports, resumes or curriculum vitae of any person whom you expect to call as an expert witness at trial.

    **RESPONSE:** Not applicable.

26. All documents upon which each person whom you expect to call as an expert witness at trial relied in formulating his findings or opinions.

    **RESPONSE:** Not applicable.

27. All documents which you submitted to any person whom you expect to call as an expert witness at trial.

    **RESPONSE:** Not applicable.

28. All documents which support any of your claims, including any claims of damages.

    **RESPONSE:** See attached documents.

29. Any and all documents relied upon by you in preparing your answers to the interrogatories of the defendant, PTFS, and/or relied upon you in preparing your Complaint.

    **RESPONSE:** See attached documents.

30. Any documentary evidence of any kind which you intend to offer at the trial of this case.

    **RESPONSE:** This final determination has not yet been made.

                                                      Respectfully submitted,

_____
John F. Pressley, Jr., #379716
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012
(202) 723-8800
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Responses to Requests for Production of Documents was mailed this 28th day of August, 2007 to:

Deborah Whelihan
Jordan, Coyne & Savits, LLC
1100 connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036

_____
John F. Pressley, Jr.

8

After managing the Operations Section of the Contracts Team for three months now, I've found that the services provided by Selwyn Darbeau are less than acceptable.

a. He is unable to effectively manage his workload;
b. I consistently receive phone calls and emails from our customers regarding his failure to follow up or simply respond to their requests for updates;
c. I am rarely able to sign the documents Selwyn prepares for my signature when initially submitted due to his inability to catch typographical errors as well as process errors;
d. Selwyn has not grasped the use of the Library's electronic acquisition system (Momentum) as his data entries often require the assistance of our IT staff to fix errors;
e. On several occasions, Selwyn has promised to "get back to me" with the status of an assignment and he has failed to do so. In addition, he has given me updates on assignments that were false which caused me to provide inaccurate information to our customers.

Currently, Selwyn is on vacation and is scheduled to return to the office after the new years holiday. As his employer, you need to contact Selwyn, while he is on vacation, to let him know that his services at LOC are no longer needed. I need you to obtain his LOC Badge and keys and bring those items to my office as soon as possible. We will box up Selwyn's personal items and have the box ready for you when you come to turn in his badge and office keys.

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 570-2006-00384 |

D.C. Office Of Human Rights
State or local Agency, if any
and EEOC

**Name** (indicate Mr., Ms., Mrs.): Mr. Selwyn G. Darbeau
**Street Address:** 3338 Croffut Place S.E.
**City, State and ZIP Code:** Washington, DC 20019
**Home Phone (Incl. Area Code):** (202) 584-0286
**Date of Birth:** 03-01-1946

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name:** PTFS/ at THE LIBRARY OF CONGRESS
**Street Address:** 101 Independence Avenue, S.E.
**City, State and ZIP Code:** Washington, D.C. 20540
**No. Employees, Members:** 15 - 100
**Phone No. (Include Area Code):** (301) 654-8088

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 09-26-2005
Latest: 01-04-2006

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I worked at the Library of Congress for approximately two years. During this time, I had no performance problems whatsoever. On or about late September/October 2005, Ursula Holmes (Black/American), Supervisory Contract Specialist (Library of Congress employee), became my direct supervisor. On December 29, 2005, while I was on vacation, Ms. Holmes sent my employer an email falsely accusing me of not performing my duties and amongst other things of not having "grasped" the use of the electronic system, and of having poor English skills. This email was absolutely false and not only hurt my professional reputation, but caused Progressive Technology Federal Systems to remove me from the Library of Congress site. On January 4, 2006, I learned that I had been removed from the project site effective December 29, 2005. Thereafter, Ms. Holmes replaced my previous position with a younger employee. Lastly, I have a disability which was accommodated by my previous supervisor. Although I reminded Ms. Holmes about my disability, she made no effort to provide an accommodation. Ms. Holmes was only my supervisor for three months before she sent her email. During this time, Ms. Holmes did not discuss any perceived problems with me in any manner. I believe that I was discriminated against because of my age (59) in violation of the Age Discrimination in Employment Act of 1967, as amended, and because of my national origin (West Indian/Caribbean) in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I was discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 17, 2006
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Selwyn G. Darbeau
3338 Croffut Place S.E.
Washington, DC 20019

From: Washington Field Office - 570
1801 L Street, N.W.
Suite 100
Washington, DC 20507

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2006-00384 | Janet Stump, Enforcement Supervisor | (202) 419-0700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_Dana Hutter_
Dana Hutter,
Director

MAR 3 0 2006
(Date Mailed)

Enclosures(s)

cc: Manager, Human Resources
PROGRESSIVE TECHNOLOGY FEDERAL SYSTEMS
4520 East West Highway
Suite 510
Bethesda, MD 20814