UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SELWYN G. DARBEAU          )
          Plaintiff          )
                          )
          v.          )          Civil Action No. 06-01081
                          )          (AK)
PROGRESSIVE TECHNOLOGY          )
FEDERAL SYSTEMS, INC.          )
          Defendant          )
_____)

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff Selwyn Darbeau, by and through counsel, hereby opposes defendant's motion for summary judgment. In support of said opposition plaintiff states as follows:

1. Contrary to defendant's bald contention, plaintiff has established a *prima facie* case of age discrimination.

2. Defendant's defense could be found by a reasonable jury to be pretextual.

3. Defendant did not have good faith basis for concluding that plaintiff performed his work in an unsatisfactory manner.

4. Defendant should have investigated allegations before summarily terminating the plaintiff.

5. There is sufficient legal basis to allow jury consideration of the case.

6. Plaintiff has been severely prejudiced by defendant's failure to previously produce Defendant's Exhibit No. 3(A) in its entirety as an Initial Disclosure and in discovery. As a result, plaintiff has been severely prejudiced and foreclosed from conducting highly relevant discovery. Consequently, summary judgment should not be considered under the circumstances and the motion for such should be denied.

In further support of this motion, plaintiff refers the Court to the memorandum of points and authorities attached hereto and incorporated herein by reference.

Respectfully submitted,

*/s/ John F. Pressley, Jr.*

Dated: November 6, 2007      John F. Pressley, Jr., Esq., #379716
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012
(202) 723-8800
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SELWYN G. DARBEAU               )
            Plaintiff           )
                                )
        v.                      )        Civil Action No. 06-01081
                                )                (AK)
PROGRESSIVE TECHNOLOGY          )
FEDERAL SYSTEMS, INC.           )
            Defendant           )
_____)

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

_____1.   The Library of Congress asked defendant to put Mr. Darbeau on the contract. [Hess Depo., pp. 18 - 19].

2.   Defendant did not have any basis for assessing the job performance of the plaintiff. [Hess Depo., p. 25].

3.   Plaintiff did not have a manager at the Library of Congress. [Hess Depo., p. 27].

4.   Ursula Holmes of the Library of Congress had not given any indication that there were problems with the performance of the plaintiff. [Hess Depo., p. 29].

5.   No one else at the Library of Congress had not given any indication that there were problems with the performance of the plaintiff. [Hess Depo., p. 29].

6.   Defendant did not have any basis to believe that the plaintiff could not fulfill the position of contract specialist at the Library of Congress. [Hess Depo., p. 30].

7.   Defendant did not speak to Ursula Holmes about the e-mail which demeaned his job performance. [Hess Depo., pp. 30 - 31].

8.   Defendant did not ask plaintiff about the allegations in the e-mail from Ursula

Holmes. [Hess Depo., p. 35].

9.   Ursula Holmes did not provide any supporting documentation to the e-mail. [Hess Depo., pp. 35 - 36].

10.   Defendant did not conduct any investigation of the allegations against the plaintiff. [Hess Depo., p. 36].

11.   Defendant fails to maintain employment records relating to employees ages. [Hess Depo., p. 38 - 39].

12.   Defendant has failed to previously produce defendant's Exhibit 3(A) as an Initial Disclosure or in response to discovery request. [Request for Production No. 13].

Respectfully submitted,

/s/ John F. Pressley, Jr.

_____

John F. Pressley, Jr., Esq.
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012
(202) 723-8800
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SELWYN G. DARBEAU       )
          Plaintiff       )
                   )
        v.          )      Civil Action No. 06-01081
                   )           (AK)
PROGRESSIVE TECHNOLOGY  )
FEDERAL SYSTEMS, INC.     )
         Defendant    )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

On or about December 2003 the plaintiff, fifty-seven (57) year old at the time, was hired by Jardon & Howard Techologies, Inc. as a contract specialist to work on a contract with the Library of Congress (LOC). In September of 2005, the contract was subsequently assumed by defendant Progressive Technology Federal Systems, Inc. The LOC manager of the contract, Christopher Hansen, requested that the plaintiff continue on as a contract specialist when the new contract was taken over by defendant. Plaintiff subsequently continued to work under the new contract with defendant.

On or about October 2005 a new contract manager at the LOC, Ursula Holmes, took over management of the contract with defendant. On or about December 29, 2005, Ms. Holmes sent an e-mail to defendant in which allegations were made against the plaintiff regarding his work performance[1]. Plaintiff was subsequently terminated from his

_____

[1] It should be noted that plaintiff found Ms. Holmes allegations to be totally unfounded and scurrilous. Indeed, plaintiff would have filed a libel suit against Ms. Holmes but was unable to do so given her protected status as a federal employee.

position and replaced by a much younger worker, Kelly Green.

Defendant had no basis to believe that plaintiff was, in fact, failing to perform, other than the e-mail from Ms. Holmes. Ms. Holmes provided no supporting documents relating to the allegations of the plaintiff's failure to perform. Defendant failed to conduct any investigation into the allegations regarding the plaintiff's alleged performance. Plaintiff, an experienced consultant, was replaced by a twenty four (24) year old inexperienced former receptionist.

Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). Trial court may grant summary judgment only if there is no significantly probative evidence tending to support complaint. Shields v. Eli Lilly and Co., 895 F.2d1463 (D.C. Cir. 1990). Evidence need only be sufficient to permit reasonable juror, indulging all reasonable inferences, to find that party proved element at issue. *Id.* Summary judgment is an extreme remedy which is appropriate only when there are no material facts at issue and when it is clear that the moving party is entitled to judgment as a matter of law. *Id.* In ruling on a motion for summary judgment, the Court should never weigh the evidence or find the facts. Instead, the court's role is limited to determining whether a genuine issue exists as the material facts such that a trial is required. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 106 S.Ct. 2505 (1986).

All inferences drawn from subsidiary facts are to be resolved against the moving party. Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 112 S.Ct. 2072 (1992). All evidence should be construed in the light most favorable to the non-moving party. *Id.* So long as more than one reasonable inference can be drawn, the trier of fact is entitled to decide which inference to believe.

The Age Discrimination in Employment Act

The purpose of the Age Discrimination in Employment Act (ADEA) is to "promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). Toward that end, the ADEA gives an individual who is at least 40 years old the right to seek relief against his employer if the employer has taken some adverse employment action against him on the basis of age rather than ability. *Id.* §§ 623, 631(a).

To establish a *prima facie* case of age discrimination, the plaintiff must show that: (1) he is a member of the ADEA's protected class of persons over forty years of age; (2) he was qualified for his position and was performing his job well enough to meet his employer's legitimate expectations; (3) he suffered an adverse employment action despite his qualifications and performance; and (4) he was disadvantaged in favor of similarly situated younger employees. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); Hall v. Giant Food, Inc., 175 F.3d 1074, 1077 (D.C. Cir.1999); Paquin v. Federal Nat'l Mortgage Ass'n, 119 F.3d 23, 26 (D.C. Cir.1997) (citing Coburn v. Pan Am. World Airways, Inc., 711 F.2d 339, 342

(D.C. Cir.1983)). "The burden of establishing a *prima facie* case of disparate treatment is not onerous," Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and because the model of the *prima facie* case articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) is not "rigid, mechanized, or ritualistic," its requirements can vary depending on the factual context. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978)). If the plaintiff establishes a *prima facie* case, a presumption then arises that the employer unlawfully discriminated against him. Burdine, 450 U.S. at 254, 101 S.Ct. 1089.

To rebut this presumption, the defendant must articulate a legitimate, non-discriminatory reason for its action. *Id.* The defendant, however, "need not persuade the court that it was actually motivated by the proffered reasons." *Id.* (articulating that the employer's burden is one of production, not persuasion). Rather, "[t]he defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

If the defendant successfully presents a legitimate, non-discriminatory reason for its action, "the McDonnell Douglas framework - with its presumptions and burdens - disappears, and the sole remaining issue is discrimination *vel non.*" Lathram v. Snow,

336 F.3d 1085, 1088 (D.C. Cir.2003) (internal citations omitted). At this point, to survive summary judgment, the plaintiff "must show that a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory reason." *Id.* (citing Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1290 (D.C. Cir.1998) (*en banc*)). The court must therefore consider whether a jury could infer discrimination from (1) the plaintiff's *prima facie* case, (2) any evidence the plaintiff presents to attack the employer's proffered explanation, and (3) any further evidence of discrimination that may be available to the plaintiff. Waterhouse v. District of Columbia, 298 F.3d 989, 992-93 (D.C. Cir.2002) (quoting *Aka,* 156 F.3d at 1289). The plaintiff need not present evidence in each of these categories in order to avoid summary judgment. Aka, 156 F.3d at 1289. Instead, the court should assess the plaintiff's challenge to the defendant's explanation in light of the total circumstances of the case. *Id.* at 1291.

The Plaintiff has Established a *Prima Facie* Case

In ADEA context, complainant makes his required *prima facie* showing if he belongs to protected age group, was qualified for position, was terminated, and was replaced by younger person. Paquin, at 26; ADEA, § 2 *et seq*.

It can not be disputed that plaintiff has established a *prima facie* case. First, plaintiff is over sixty years old and by definition belongs to the protected class of people over forty years old. Second, plaintiff was qualified for the position. Plaintiff had successfully worked on the previous contract with the LOC. Plaintiff had been

5

recommended by the LOC contract manager for continuation under the new contract

with defendant. Defendant did not know of any reason why the plaintiff could not fulfill

the position of contract specialist. Plaintiff was replaced by Kelly L. Green, an individual

under forty years of age[2].

A Jury Could Find Defendant's Defense Pretextual

As noted, supra, if the defendant successfully presents a legitimate,

non-discriminatory reason for its action, "the McDonnell Douglas framework - with its

presumptions and burdens - disappears, and the sole remaining issue is discrimination

*vel non*." Lathram v. Snow, 336 F.3d 1085, 1088 (D.C. Cir.2003) (internal citations

omitted). At this point, to survive summary judgment, the plaintiff "must show that a

reasonable jury could conclude from all of the evidence that the adverse employment

decision was made for a discriminatory reason." *Id.* (citing Aka v. Washington Hosp. Ctr.,

156 F.3d 1284, 1290 (D.C. Cir.1998) (*en banc*)). The court must therefore consider

whether a jury could infer discrimination from (1) the plaintiff's *prima facie* case, (2) any

evidence the plaintiff presents to attack the employer's proffered explanation, and (3)

any further evidence of discrimination that may be available to the plaintiff. Waterhouse

v. District of Columbia, 298 F.3d 989, 992-93 (D.C. Cir.2002) (quoting *Aka,* 156 F.3d at

1289). The plaintiff need not present evidence in each of these categories in order to

avoid summary judgment. Aka, 156 F.3d at 1289. Instead, the court should assess the

---

[2] This individual was not only much younger than the plaintiff but much less experienced. Indeed, Mr. Green's most recent experience was as a receptionist and general office clerk. Hiring a less qualified person can support an inference of discriminatory motive, see Harding v. Gray, 9 F.3d 150, 153-54 (D.C. Cir.1993).

plaintiff's challenge to the defendant's explanation in light of the total circumstances of the case. *Id.* at 1291.

In a case similar to the case at bar, involving essentially allegations of a single person, a court noted that

> The ADEA does not preclude an employer from making an adverse decision against a protected senior employee <u>if the employer makes a good faith determination that the worker's performance has been unsatisfactory</u>. An employer is entitled to make his own policy and business judgment in discharging an employee who does not measure up to standards, if this is not a pretext. (emphasis added)

<u>Stacey v. Allied Stores Corp.</u>, 581 F.Supp. 1103 (D.C.D.C.,1984). The question thus arises as to whether or not a jury could find that the decision maker has not in fact made such a good faith determination. The Court of Appeals in <u>Stacey</u> at  <u>Stacey v. Allied Stores Corp.</u>, 768 F.2d 402 (D.C. Cir. 1985) reversed the lower court's judgment *n.o.v.* and allowed to let the jury verdict in favor of the plaintiff stand. It did so on the belief that

a) the plaintiff was a highly respected corporate manager within the company whose management had been recognized,

b) the plaintiff's allegedly sub-par performance had never previously been articulated, and

c) there was a lack of documentary support for the allegations.

*Id.*, at 407.

Using this standard, there is no basis to grant summary judgment in the case at bar. In the instant case the plaintiff previously worked on the contract for almost two (2)

7

years with his former company Jardon & Howard Technologies, Inc. without any indication of any performance problems.[3] In addition, plaintiff was recommended by the LOC to be picked up and continued on the contract. As made clear by the deposition testimony of defendant's contract manager Sheila Hess, there had never been any previous indications about performance problems on the part of the plaintiff. [Hess Depo., p. 29]. Finally, defendant provides absolutely no supporting documentation to support the claims against the plaintiff. This despite Ms. Holmes allegations of errors by the plaintiff and customer complaints.

In the instant case defendant's there is the additional element associated with the fact that defendant's agent, Ms. Hess is supposedly acting based upon the desires and preferences of Ms. Holmes, the customer/client. However, client or customer preference that discriminates against an older employee is proscribed under the ADEA. *See* Diaz v. Pan American World Airways, 442 F.2d 385, 389 (5th Cir. 1971), *cert. denied*, 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267 (1971)(customer preference does not justify continuation of discriminatory hiring policy).

Defendant was well aware of the plaintiff's age and the age of his replacement. Defendant had no basis other than the e-mail from Ursula Holmes to believe that the plaintiff was not performing well. Indeed, defendant had a basis to believe that the plaintiff was performing well given that he was recommended to continue on the new

---

[3] Certainly if there had been problems, defendant would have pointed them out. The clear inference is, therefore, that there were no prior performance problems with Jardon & Howard.

contract with the defendant. Yet, defendant failed to make even a cursory investigation into whether or not there was any basis for the termination of the plaintiff at the behest of Ursula Holmes. In the instant case a jury could certainly find that defendant had failed to make a "good faith determination" and as a result its reliance on the preference of Ursula Holmes was unjustified and illegal.

Defendant's Exhibit No. 3(A) Should be Stricken

Defendant has attached an Exhibit No. 3(A) as a key Exhibit to its Motion for Summary Judgment, yet this Exhibit although requested in discovery by the plaintiff was never produced in its entirety. Nor was the document produced as an Initial Disclosure. Fed.R.Civ.P. 26(a)(1). Pursuant to the Rules, defendant should be allowed to use the Exhibit. *See* Fed.R.Civ.P. 37(c). Rule 37(c) provides that where a party "without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)," that party shall not be permitted to use the information as evidence in a motion "unless such failure is harmless." *Id*.

Defendant was well aware that the information in this Exhibit was critical in the case. Defendant was the only one who knew that only part of the document was previously produced, thus plaintiff was not in a position to file a motion to compel. Plaintiff has been severely prejudiced by not having the entire Exhibit in responding to defendant's Motion for Summary Judgment produced in discovery. The portion of the Exhibit which was excluded specifically refers to co-workers of the plaintiff, *i.e.* comparators.

Had plaintiff had access to this information he would have been in a position to

9

more fully explore issues relating to the aforementioned co-workers, the commentary of Ursula Holmes and perceptions of the defendant[4]. What defendant knew or should have known when it received the e-mail from Ursula Holmes is the critical issue in the case. Plaintiff did not know at the time of deposition that defendant in the person of Sheila Hess had discussed the plaintiff and possible termination prior to receipt of the e-mail[5]. Had this been known, counsel could have enquired into the nature of that conversation regarding what was said by whom and what was the response. As a result, it would be grossly unfair and prejudicial for the Court to allow the defendant to legally exploit the issue presented in the exhibit and allow use of the exhibit as part of the Motion for Summary Judgment. At minimum, the Court should deny the Motion for Summary Judgment under these circumstances.[6]

## CONCLUSION

As argued, *supra*, in considering the pending motion for summary judgment the court must consider whether a jury could infer discrimination from (1) the plaintiff's *prima facie* case, (2) any evidence the plaintiff presents to attack the employer's proffered explanation, and (3) any further evidence of discrimination that may be available to the plaintiff. Waterhouse v. District of Columbia, 298 F.3d 989, 992-93 (D.C.

---

[4] Ursula Holmes notes, for instance, that another over forty year old worker "has been unable to effectively manage her assignments."

[5] Prior discussion indicated in excluded portion of the exhibit.

[6] Denial of summary judgment would be an appropriate sanction under the circumstances where perhaps the most important exhibit in the litigation was not produced, thereby raising the possibility of unfair delay and prejudice.

Cir. 2002) (quoting <u>Aka</u>, 156 F.3d at 1289). It is important to note that the plaintiff need

not present evidence in each of these categories in order to avoid summary judgment.

<u>Aka</u>, 156 F.3d at 1289. Instead, the court should assess the plaintiff's challenge to the

defendant's explanation in light of the *total circumstances* of the case. *Id.* at 1291.

Moreover, the D.C. Circuit has directed that because it is difficult for a plaintiff to

establish proof of discrimination, the court should view summary judgment motions in

such cases with special caution. *See* <u>Aka v. Washington Hosp. Ctr.</u>, 116 F.3d 876, 879-80

(D.C. Cir.1997), overturned on other grounds, 156 F.3d 1284 (D.C. Cir.1998) (*en banc*);

*see also* <u>Johnson v. Digital Equip. Corp.</u>, 836 F.Supp. 14, 18 (D.D.C.1993).

In light of the foregoing, there is more than a sufficient basis for this case to

survive summary and allow consideration before a jury.

In addition to the foregoing, plaintiff takes the position that it would be unfair for

the Court to grant summary judgment in light of the failure of the defendant to produce

critical discovery which could have affected the entire course of the litigation and basis

of defendant's defense.

WHEREFORE, plaintiff prays that this motion be denied.

Respectfully submitted,

*/s/ John F. Pressley, Jr.*

John F. Pressley, Jr., Esq.
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012
(202) 723-8800
*Attorney for Plaintiff*

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SELWYN G. DARBEAU         )
        Plaintiff        )
                      )
        v.             )       Civil Action No. 06-01081
                      )             (AK)
PROGRESSIVE TECHNOLOGY  )
FEDERAL SYSTEMS, INC.     )
        Defendant     )
_____)

<u>ORDER</u>

Upon consideration of the motion for summary judgment, the memorandum of points and authorities in support thereof, and any opposition thereto, it is, by the Court, this _____ day of _____, 2007

ORDERED:   That the motion for summary judgment be, and the same hereby is, DENIED, and it is further,

SO ORDERED.

_____
MAGISTRATE JUDGE ALAN KAY

Copies to:

John F. Pressley, Jr., Esq.
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012

Deborah Whelihan, Esq.
Jordan, Coyne & Savits, LLC
1100 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036