IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Selwyn G. Darbeau )<br>)<br>*Plaintiff* )<br>)<br>Vs. )<br>)<br>Progressive Technology )<br>Federal Systems, Inc. )<br>)<br>*Defendant* )<br>) | Civil Action No.: 06-01081 (AK) |

## PLAINTIFF'S MOTION FOR RECONSIDERATION
### (WITH ATTACHMENTS)

## INTRODUCTION

Plaintiff filed this lawsuit, *pro se*, on June 14, 2006 with an amended complaint[1] alleging several actions between Ursula Y. Holmes;[2] Supervisory Contract Specialist at the Library of Congress and Sheila Hess of Progressive Technology Federal Systems, wherein statements were made by Ms. Holmes, acting through PTFS, falsely told PTFS that plaintiff should be discharged for reasons of incompetence.

Plaintiff engaged the services of an attorney who later filed a second amended complaint, incorporated by reference, alleging discriminatory employment practices in violation of the Age Discrimination in Employment Act. The decision by PTFS was based on the "false" statements made by Ursula Holmes (LOC) which served as the basis for the termination, in contradiction to earlier statements in a document authored by Ms. Holmes on November 2, 2005.[3]

---

[1] SEE ATTACHMENT A,   Amended Complaint.
[2] Commenced employment on or about October 8, 2005 and supervised plaintiff for less than ninety (90) days.
[3] SEE ATTACHMENT B, "Agenda Contract Team Meeting" directing attention to items "My Observations" and "Workload Distribution Plan"

## GROUNDS FOR RECONSIDERATION

- Counsel for plaintiff did not present or utilize relevant documents and other pertinent information in his pleadings, or oral argument before the court, which would have provided "direct testimonial evidence" in support of plaintiff's complaint.

- Counsel did not heed repeated request to present affidavits or list of credible witnesses consisting of co-workers[4], LOC Clients, former LOC Managers which would have demonstrated plaintiff's work performance and long history of excellent employment at the Library and elsewhere.[5].

- Plaintiff was **not** immediately provided a copy of the courts decision by counsel, thus placing plaintiff at a disadvantage, nor has counsel informed him of his right to seek reconsideration, except to state in an email that, "If you desire to appeal, you have 30 days from the date of the decision. You would have to hire another attorney, however, to prosecute the case."

- Finally, in order to preserve any appeal rights plaintiff seeks the court's indulgence in allowing plaintiff time to get an attorney to represent him. Plaintiff is also asking this court to allow plaintiff every opportunity to address this manifest injustice done to him.

## RELIEF SOUGHT

- Discovery – See, Conley V. Gibson, 355 US 41, at 46-48 (1957) and time to hire a new attorney within which to file an appeal.

For all of the above reasons the motion for reconsideration should be granted.

Respectfully Submitted,

*[signature]*

Selwyn G. Darbeau, Pro se
1453 Queenie Smith Road, NE
Conyers, GA 30012

---

[4] **SEE ATTACHMENT E**      Declaration of Christopher W. Hansen
[5] **SEE ATTACHMENT F**      Dept. of Navy letter of appreciation

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion for Reconsideration has been mailed first class postage prepaid on __March 28__, 2008, to the following:

JORDAN, COYNE & SAVITS, L.L.P.
Deborah Murrell Whelihan #412454
1100 Connecticut Avenue, N.W.
Suite 600
Washington, DC 20036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Selwyn G. Darbeau ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| Vs. ) | Civil Action No.: 06-01081 (AK) |
| ) | |
| Progressive Technology ) | |
| Federal Systems, Inc. ) | |
| ) | |
| *Defendant* ) | |

### DECLARATION OF SELWYN G. DARBEAU
### PURSUANT TO FED.R.CIV.PROC. 56(F)

1. I, Selwyn G. Darbeau, file this affidavit as a *pro se* plaintiff.

2. I submit this affidavit, pursuant to Fed. R. Civ. Proc. 56(d) to explain to this Honorable Court why further discovery is needed to address issues raised in Defendant's *Motion for Summary Judgment and subsequent Oral Arguments* before this Court.

3. The significant exclusion of relevant documents and other pertinent information which supports my exemplary work performance and history at the Library of Congress, while working with Jardon & Howard Technologies and later PTFS, as they took over the contract in September 2005. Counsel denied my opportunity to respond to the specific false statements made against me. There is evidence to show that the statements published by Holmes[1] "sounding in defamation" were made maliciously, with knowledge of its falsity or with reckless disregard of its truth. In order to understand what Ursula Holmes and PTFS motive to defame my character, thwart my ability to maintain my professional reputation and to restore my good name, some of the circumstances surrounding the actions of Ursula Holmes in the Contracts Office need to be explored.

4. The loss of my ability to earn a living based on false statements as a pretext to terminating my contract on account of my age (59), and contrary to my excellent work record at the Library, which can be supported by my colleagues, it is my opinion that my job loss was due to illegal age discrimination and a personal dislike by supervisor Ursula Holmes, and that the reasons for the adverse action by PTFS and Sheila Hess were pre-textual, requiring that the adverse actions are pre-textual demonstrating that they

---

[1] **SEE ATTACHMENT D**   Partial email with comparative statements

must be presented to this court to determine the true reason for the actions taken against me.

5. I also need to submit affidavit or depose Christopher Hanson the Contracting Officer Technical Representative (COTR) and the Library's representative who supervised me on the JHT's Contract, and highly recommended me for the PTFS's contract. Rene Servin, a co-worker on the PTFS contract, experienced similar treatment as an older employee, was terminated by Ursula Holmes and later hired by defendant PTFS. Mr. Servin no longer works for PTFS and the only means of obtaining any testimony from him is through discovery in this case. A listing of several potential witnesses[2] all of whom could have made a significant contribution since we were all affected by the same circumstances in the contract office, and could have supported my contentions that the statements of Ms. Holmes were false, was provided to counsel

6. Because of the failure of counsel to adequately utilize the documents and information provided to effectively respond to defendant's motion for summary judgment, I should not be made to suffer and denied justice in this case. Throughout this entire engagement there was no collaboration, very little communication, and whenever I attempted to seek guidance and or offer suggestions, the often-repeated mantra was, "these cases are difficult to prove". However, counsel had in his possession all of the documents referenced, and up to and including the hearing on March 13, 2008, I attempted to point to several documents, which would have answered questions asked by the judge.

7. I take exception to assertions made in "Memorandum Opinion" accompanying order by this court. I made every reasonable effort to provide counsel with all relevant documentation, including list of available witnesses for affidavits, interrogatories, and deposition or in any way provide positive input in support of my complaint. For reasons unbeknown to me counsel repeatedly rejected my attempts to have such information addressed. In fact, decisions to determine individuals to be deposed were made without input from me. Counsel had in his possession documents and statements which would have demonstrated specific facts and could have been used to oppose the motion for summary judgment. All of the evidence in counsel's possession would have *been "capable of affecting the substantive outcome of the litigation"*. I was led to believe that all such evidence would be used at the appropriate time during the course of the litigation. Instead I was completely baffled when counsel's presentation at the oral hearing made no reference to any of the evidence, even when prompted through *questioning by the judge. Instead, examples of such evidence which would have* provided significant probative evidence to support the complaint, was not introduced by counsel contrary to what I was led to believe.

8. I suffered adversely from the false statements made by Ursula Holmes, which formed the basis for PTFS termination of his services. It can be clearly demonstrated through documents, affidavits and any other means that plaintiff can prove that the false statements by Ursula Holmes cause plaintiff to suffer adverse employment action, and that the unfavorable action gave rise to an inference of discrimination. The defendant to the best of my knowledge provided no evidence of a legitimate, nondiscriminatory reason for its action. Had counsel accepted offer of affidavits or individuals for deposition, I would have been able to discredit the statements of Ursula Holmes, and establish that

---

[2] **SEE ATTACHMENT C**: List of potential witnesses provided to counsel..

2

        ALL contract specialist were similarly affected as documented in Holmes "Agenda" for the "Contracts Team Meeting" on November 2, 2005.

9. I have no means of obtaining this testimony but through discovery, and it is this very testimony that will prove the facts that he has reasonably, and in good faith, alleged, based on the circumstantial and other evidence available to him without discovery These depositions could well lead to the discovery of existing as well as additional evidence in support of my claims. This evidence is also needed to flesh out the facts surrounding the conversations by Ursula Holmes (LOC) and Sheila Hess (PTFS) regarding the email [3]

10. Page 8 of the Memorandum Opinion states,

> "... *The reasons included that the "on-site supervisory representative of the defendant's customer complained with documented[4] reasons, that Mr. Darbeau's performance was unacceptable and demande4d that he be replaced"*

Without the opportunity to present evidence, which was provided to counsel at our first meeting, I have suffered irreparable harm to my reputation and character

I swear, upon penalty of perjury, that the above statements are true, to the best of my knowledge and recollection.

                                            Selwyn G. Darbeau

---

[3] The partial email dated December 29, 2005 was Exhibit 1 in plaintiff's deposition transcript dated July 3, 2007. This was obtained, by plaintiff, from Ms. Hess only after a determined effort and persistent request to find out the reason(s) for plaintiff's termination. The entire document was not provided during discovery.

[4] During my tenure of service at the Library no one, including Ursula Holmes or Sheila Hess ever reprimanded, counseled or cited any deficiency in my work performance. Throughout this litigation neither PTFS nor anyone else presented "documented evidence" to support statements made by Ms. Holmes.

3

## NOTICE OF CHANGE OF ADDRESS

Pursuant to Local Civil Rule 5.1(e) following is the current address for:

Selwyn G. Darbeau
1453 Queenie Smith Road, NE
Conyers GA 30012-6606

## **NOTICE OF CHANGE OF ADDRESS**

**RE:   Civil Action No.:06-01081(AK)**

Pursuant to Local Civil Rule 5.1(e), the current address and other contact information is provided this Honorable Court:

Selwyn G. Darbeau
1453 Queenie Smith Road, NE
Conyers, Georgia 30012

TELEPHONE:     (678) 413-0626

CELL:          (202) 255-9966

EMAIL: sdarbeau@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion for Reconsideration has been mailed first class postage prepaid on ___March 28___, 2008, to the following:

JORDAN, COYNE & SAVITS, L.L.P.
Deborah Murrell Whelihan #412454
1100 Connecticut Avenue, N.W.
Suite 600
Washington, DC 20036

4