IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELWYN G. DARBEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 06-01081 (AK) |
| v. ) | |
| ) | |
| PROGRESSIVE TECHNOLOGY ) | |
| FEDERAL SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PROGRESSIVE TECHNOLOGY FEDERAL SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The defendant, Progressive Technology Federal Systems, Inc. ("PTFS") by and through its attorneys, Deborah Murrell Whelihan and JORDAN, COYNE & SAVITS, L.L.P., opposes the plaintiff's Motion For Reconsideration[1] and, and as reasons therefor, submits this Memorandum of Points and Authorities in Support of its Opposition and states as follows:

1. Eleven (11) days after this Honorable Court properly granted summary judgment in favor of the defendant PTFS, the plaintiff, in proper person, filed his Motion For Reconsideration,[2] accusing his counsel of various alleged failures in the prosecution of his claim of age discrimination and seeking the stated relief of having additional "time to hire a new attorney within which to file an appeal." See, plaintiff's Motion For Reconsideration at 2.

2. Even *pro se*, the plaintiff is not entitled to an indefinite time in which to file his

---

[1]The defendant presumes that, based upon its date of filing, the plaintiff's Motion is a Rule 59 motion since the Federal Rules do not provide for reconsideration of a judgment.

[2]The defendant is not suggesting that the plaintiff's Motion For Reconsideration is untimely since, under Fed. R. Civ. P. 6, the intervening Saturday and Sunday are not counted.

appeal because an appeal has certain jurisdictional limits, which this Honorable Court lacks the power to affect.  Williams v. Wash. Convention Ctr. Auth., 375 U.S. App. D.C. 360, 481 F.3d 856 (2007)(Pro se plaintiff's appeal untimely because the District Court could not enlarge the time for appeal beyond the time authorized by the rules).  As the plaintiff admits that he was told by his counsel, he had thirty (30) days or until April 16, 2008 in which to note his appeal from the judgment entered against him in favor of the defendant.  By virtue of his filing of his Motion For Reconsideration, the plaintiff has already gained additional time for appeal, since his Motion For Reconsideration has extended the time for his appeal from thirty (30) days of the date of the disposition of that Motion For Reconsideration.  Fed. R. App. P. 4(a)(4).

   3.  The plaintiff is not entitled to any additional time in which to appeal this Honorable Court's judgment in order to attempt to find substitute counsel to handle his appeal, and this Honorable Court lacks the authority to provide the plaintiff with an unlimited extension of time to find substitute counsel for an appeal beyond the limits allowed under Federal Rule of Appellate Procedure 4(a)(5).  Moreover, the decision to provide the plaintiff with any such relief is entirely discretionary, and this Honorable Court is not permitted to apply a different standard to the plaintiff out of sympathy for his new *pro se* status or out of sympathy for his claims that his counsel allegedly failed to follow his directives.  Smith v. Dalton, 971 F. Supp 1 (D.D.C. 1997)(Congressionally mandated time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").  If the Motion For Reconsideration is treated as a motion for extension of time and if this Honorable Court were inclined to grant it to provide the additional time available under Federal Rule of Appellate Procedure 4(a)(5), the plaintiff would, in effect, lose twenty (20) of the thirty (30) extra days that

he has gained from the filing of his Motion For Reconsideration.

4. For this Honorable Court to give the plaintiff additional time under Fed. R. App. P. 4 (5) for an appeal, the plaintiff must at a minimum demonstrate either "excusable neglect" or "good cause," which he has not done and which he cannot do because his own deposition testimony established that he had no basis for a claim of age discrimination against the defendant PTFS or the Library of Congress. See, deposition transcript of the plaintiff, Selwyn G. Darbeau, which was attached as Exhibit 1 to the defendant PTFS's Motion for Summary Judgment, at pages 78, 83-86, and 98.

5. Additionally, although his Motion For Reconsideration seems to be a motion for an extension of time to find counsel to prosecute an appeal of this Honorable Court's decision, the plaintiff implies by its title and by the attachments that he seeks reconsideration of the entry of summary of judgment in favor of the defendant. However, the plaintiff is not entitled to such relief since such motions are disfavored and since relief from a judgment is granted only when the moving party establishes extraordinary circumstances. See, Rann v. Chao, 209 F. Supp. 2d 75 (D.D.C. 2002); Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). It is well settled that Rule 59(e) motions should never be granted where the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment. Taylor v. Dep't of Justice, 268 F. Supp. 2d 34, 35 (D.D.C. 2003) (citing Kattan v. Dist. of Columbia, 301 U.S. App. D.C. 374, 995 F.2d 274, 276 (D.C. Cir. 1993); see, W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997), aff'd sub nom. Hicks v. United States, 1999 U.S. App. LEXIS 13376, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999)(The law is clear that "Rule 59(e) motion is not a second

opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier."); see also, New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995) (per curiam) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995)(It is well-established that Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  There are no extraordinary circumstances that the plaintiff has raised in his Motion For Reconsideration.  Rather, the Motion For Reconsideration is simply a rehashing of the same matters and of the same unsupported arguments that were before this Honorable Court when it made its proper decision to grant the defendant summary judgment based upon the only admissible evidence before it.

      6.     For this Honorable Court to reconsider its ruling, the plaintiff must show that there is an "intervening change of controlling law," "the availability of new evidence," or "the need to correct clear error or manifest injustice," none of which he has done or can do. See, Anyanwutaku v. Moore, 331 U.S. App. D.C. 379, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting Firestone v. Firestone, 316 U.S. App. D.C. 152, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  The plaintiff has not provided this Honorable Court with any legitimate reason or with any new evidence for it to reconsider its decision because it was clear from the discovery conducted by the plaintiff and the defendant PTFS, from the defendant PTFS' Motion for Summary Judgment and exhibits, and from the plaintiff's Opposition to the Defendant PTFS' Motion for Summary Judgment and exhibits that the plaintiff could not establish any *prima facie* case of age

discrimination for his termination by the defendant PTFS. Notwithstanding the supposed evidentiary value of the unsigned, unsworn, and defective "Declaration of Selwyn Darbeau Pursuant to Fed. R. Civ. Proc. 56(F)" that the plaintiff filed with his Motion For Reconsideration, and as this Honorable Court correctly recognized in deciding that the defendant PTFS had met its burden for summary judgment, the plaintiff's continued belief that his "job loss was due to illegal age discrimination" is nothing other than an unsupported personal belief with absolutely no evidentiary support. Similarly, the plaintiff's erroneous, self-serving and bald assertion that the defendant PTFS provided "no evidence of a legitimate, nondiscriminatory reason for its action," ("Declaration of Selwyn Darbeau Pursuant to Fed. R. Civ. Proc. 56(F)" at 2, ¶8), overlooks the evidence that there were documented performance reasons provided for the plaintiff's removal from the contract that the defendant PTFS had with the Library of Congress, the evidence that the defendant PTFS had a contractual obligation to comply with the request made by the Library of Congress to replace Mr. Darbeau and the evidence that the defendant PTFS had no other contract specialist position available under its other contracts to offer to Mr. Darbeau.

  7. Furthermore, even the inadmissible documents that the plaintiff has now produced as Attachments A through F in support of his Motion For Reconsideration do not justify this Honorable Court altering its judgment in favor of the defendant PTFS.[3] Exhibit B appears to have no relevancy to the plaintiff's age discrimination claim. Exhibit C contains irrelevant information and, despite mischaracterization of possible testimonial evidence, supports that the plaintiff had no evidence of any alleged age discrimination. In fact, the purported unsworn and

---

[3] None of the information contained in Exhibit C and none of the documents that are Exhibits B and F were provided to the defendant PTFS during discovery, despite written discovery propounded to the plaintiff that would have subsumed such information.

5

unsigned declaration of the Library of Congress' currently employed contract specialist, Christopher W. Hansen, demonstrates the correctness of the judgment made by this Honorable Court based upon the undisputed evidence before it. Assuming <u>arguendo</u> the truth of the unsworn declaration (Exhibit E ), Mr. Hansen, who is fifty-three (53) years of age, has been employed for twenty-two (22) years as a contract specialist directly by the Library of Congress, even under the supervision of Ms. Holmes and Ms. Nydia Coleman, which belies Mr. Darbeau's claim of age discrimination even as to the Library of Congress.[4] As the Declaration states, Mr. Hansen was tasked with keeping the contract workers, including Mr. Darbeau, employed under a different contract when the plaintiff's prior employer's contract expired. Clearly, even if Mr. Hansen were to provide any admissible, testimonial evidence even similar to that contained in Exhibit E, that information would only provide further support for the lack of any proof of any nexus between the plaintiff's firing and his age.

8.      Importantly, in his Motion For Reconsideration, the plaintiff continues to blindly ignore the legitimate business reasons, beyond the documented performance reasons which he admitted that he had, that resulted in his ultimate termination by the defendant PTFS. Besides that Ms. Holmes provided documented examples to support her conclusion that the plaintiff's performance was unsatisfactory and besides that the defendant PTFS had no contractual ability to force the Library of Congress to allow Mr. Darbeau to continue working for it, it was, and is, undisputed that the defendant PTFS had no other contractual specialist positions available in which to place Mr. Darbeau other than the Library of Congress' contract. There was, and is, no

---

[4] Mr. Hansen's unsworn declaration points to Ms. Coleman, and not Ms. Holmes, as the protagonist at the Library.

evidence that the defendant PTFS' decision to terminate the plaintiff was motivated by age or was pretextual. See, Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); Forman v. Small, 350 U.S. App. D.C. 24, 271 F.3d 285, 292 (D.C. Cir. 2001) (citing Cuddy v. Carmen, 246 U.S. App. D.C. 25, 762 F.2d 119, 122 (D.C. Cir. 1985)). In order to have survived summary judgment, the plaintiff had to prove, *inter alia*, that the reasons for his termination were false and that age discrimination was the real reason for his termination, which burden he failed to meet during the pendency of his case and now cannot establish after judgment has been entered against him, regardless of the blame that he now assigns only to his counsel. See, Davis v. District of Columbia, 503 F. Supp. 2d 104 (D.D.C. 2007); Forman v. Small, 350 U.S. App. D.C. 24, 271 F.3d 285, 291 (D.C. Cir. 2001)(Courts do not sit as a "super-personnel committees" to reexamine an entity's business decisions for fairness). Clearly, the plaintiff cannot show that the defendant PTFS acted in any way other than non-discriminatory since, at its expense, the defendant PTFS extended the plaintiff's effective date of termination so that his termination would not disrupt his elective medical surgery. Exhibit 1 to the defendant's Motion for Summary Judgment at 56-60, 88.

      9.      In sum, the plaintiff is not entitled to any reconsideration of the judgment entered by this Honorable Court on March 17, 2008. The plaintiff has failed in his obligation to support his claim of age discrimination by affidavits or other competent evidence showing that there is a genuine issue for trial, and his own deposition testimony helped establish that the defendant PTFS was entitled to summary judgment as to his claim. See, Marshall v. James, 276 F.Supp. 2d 41, 47 (D.D.C. 2003)("Summary judgment is not a disfavored procedural shortcut, but is an integral procedural tool which promotes the speedy and inexpensive resolution of every case.").

Like his Opposition to the Defendant's Motion for Summary Judgment, the plaintiff's Motion For Reconsideration does not provide any legitimate reason for this Honorable Court to reconsider its decision or to allow the plaintiff a discovery do-over with different counsel of his choosing.  The plaintiff has not offered any legitimate promise of the availability of new evidence that would change the entitlement of the defendant to summary judgment and has failed to provide any compelling arguments to support his claim of "manifest injustice."

      Respectfully submitted,

      JORDAN, COYNE & SAVITS, L.L.P.


      By: /s/ ***DEBORAH MURRELL WHELIHAN***
         Deborah Murrell Whelihan, #412454
         1100 Connecticut Avenue, N.W.
         Suite 600
         Washington, D.C.  20036
         Telephone:  (202) 296-4747
         Facsimile:  (202) 496-2800
         Email: d.whelihan@jocs-law.com

      Attorneys for Defendant Progressive Technology Federal Systems, Inc.