IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Selwyn G. Darbeau** ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| Vs. ) | Civil Action No.: 06-01081 (AK) |
| ) | |
| **Progressive Technology** ) | |
| **Federal Systems, Inc.** ) | |
| ) | |
| *Defendant* ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT PTFS OPPOSITION TO MOTION FOR RECONSIDERATION

Plaintiff hereby responds to defendant, Progressive Technology Federal Systems, Inc.("PTFS") motion in opposition to the Motion For Reconsideration pursuant to Fed Rule of Civil Proc. Rule 59 (b), Anyanwutaku v. Moore F. 3rd 1053, 1058 (D.C. Cir. 1998) and Firestone v. Firestone 76 F. 3rd 1205, 1208 (D.C. Cir. 1996),

Plaintiff filed this lawsuit, *pro se*, on June 14, 2006 with an amended complaint alleging several actions against multiple defendants including PTFS. The initial complaint was filed following extensive preparation with the help of a friend, now deceased, who possessed considerable experience with the rules of this honorable court. Unfortunately, due to the untimely demise of this learned gentleman on December 7, 2006, I was compelled to engage the services of an attorney.

The reasons for said motion are to address several issues as they related to the attorney's un-preparedness and to get justice:

- No or very little discovery was done to expose documents existence and or availability;
- Without the benefit of a transcript, I do not have a complete recall of all of the issues raised by this Honorable Court during the hearing held on

RECEIVED

APR 17 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

March 13, 2008, addressed to my trial attorney. However, I am in fact presenting to this court that some documents do exist to show that "Plaintiff's termination is not as a result of "Plaintiff's unsatisfactory performance for defendant customer(s).""

- The defendant has not produced any evidence of an evaluation of Plaintiff by Ms. Holmes to substantiate the statements made in email to Ms. Hess, on which Ms. Hess relied in (PTFS) decision to terminate Plaintiff.
- Therefore, in addition to Plaintiff's Trial Attorney's failure to utilize evidence/documents which could have demonstrated to this court that there was available evidence at the time of the hearing, which now provides this Honorable Court with "legitimate reason" to reconsider it's decision, since it is clear from the "new" but existing "evidence" that Plaintiff did establish a *prima facie* case of age discrimination based on the pre-textual nature of Ms. Holmes (false) statements to Ms. Hess.
- Therefore, without the granting of Plaintiff's motion for reconsideration, two grave injustices will occur.

### RELIEF SOUGHT

- Discovery – See, Conley V. Gibson, 355 US 41, at 46-48 (1957) and time to hire a new attorney within which to adequately prepare for response to Defendant's motion for Summary Judgment and or hearing.

For all of the above reasons the motion for reconsideration should be granted.

Respectfully Submitted,

*[signature]*

Selwyn G. Darbeau, Pro se
1453 Queenie Smith Road, NE
Conyers, GA 30012

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on the _____ day of _____, 20___, I served a copy of my _____, which was filed to Defendant's Opposition To Motion For Reconsideration on the _____ day of _____, 20__.

_____

Mode of service (circle one):            MAIL        HAND DELIVER

Name and Address of each party served:
JORDAN, COYNE & SAVITS, L.L.P.
Deborah Murrell Whelihan #412454
1100 Connecticut Avenue, N.W.
Suite 600
Washington, DC 20036