UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

SELWYN G. DARBEAU,           )
    Plaintiff,              )
  v.                         )
                                       ) Civil Action No. 06-01081 (AK)
PROGRESSIVE TECHNOLOGY      )
FEDERAL SYSTEMS, INC.,       )
    Defendant.              )
                                       )

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration ("Motion") [47]; Defendant's opposition thereto ("Opposition") [50]; and Plaintiff's reply ("Reply") [51].[1] Plaintiff requests that this Court reconsider its March 17, 2008 Memorandum Opinion [45] and Order [46], granting summary judgment in favor of Defendant.[2] As a preliminary matter, the Defendant notes that because the Federal Rules of Civil Procedure do not provide for "reconsideration" of a judgment, Defendant presumes this is a motion for reconsideration pursuant to Rule 59(e) [to alter

---

[1] Plaintiff filed his Motion *pro se* and his counsel of record has moved to withdraw from representation of Plaintiff.

[2] In the Memorandum Opinion, the Court concluded that:
The undisputed facts establish that Plaintiff was terminated for reasons related to his performance and unrelated to his age. Accordingly, Plaintiff fails to establish the existence of a prima facie case of age discrimination, because he cannot show that his termination was motivated by age discrimination nor can he show that his replacement was given preferential treatment because of that person's age. There is not one shred of evidence that Progressive's decision to terminate Plaintiff's employment was related to Plaintiff's age. Nor has Plaintiff presented any evidence that Progressive tended to favor younger employees.

March 17, 2008 Memorandum Opinion [45] at 14.

or amend the judgment] and the Court will accordingly treat the Plaintiff's Motion as a Rule 59(e) motion to alter or amend the judgment.[3]

The basis of Plaintiff's Motion is his claim that his counsel "did not present or utilize relevant documents and other pertinent information in his pleadings, or oral argument before the court, which would have provided 'direct testimonial evidence' in support of [his] complaint" nor did counsel "present affidavits or list [the] credible witnesses . . . which would have demonstrated plaintiff's work performance and long history of excellent employment . . . ." (Motion at 2.) Plaintiff seeks additional time [beyond the 30 days authorized by the rules] to retain new counsel for purposes of filing an appeal from the Court's judgment. Attached to Plaintiff's Motion is his Declaration, in which he reiterates the aforementioned points about his attorney's failure to use documents and evidence to support his claim and oppose Defendant's motion for summary judgment.

Defendant correctly notes that "[b]y virtue of filing his Motion . . ., the plaintiff has already gained additional time for appeal, since his Motion . . . has extended the time for his appeal from thirty (30) days of the date of the disposition of that Motion . . . ." (Opposition at 2; *see* Fed. R. App. P. 4(a)(4).) Thus, Plaintiff's Motion has effectively achieved his goal and the Court finds no reason to consider any further extension of the due date when Plaintiff may file an appeal from this Court's judgment. *See Smith v. Dalton*, 971 F. Supp. 1 (D.D.C. 1997) ("Congressionally mandated time requirements 'for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants.'") (quoting *Baldwin County Welcome*

---

[3]Defendant's Motion does not specifically reference Fed. R. Civ. P. 59(e).

*Ctr.*, 466 U.S. at 152, 104 S. Ct. at 1726.)

Addressing Plaintiff's request that this Court alter or amend its judgment, Defendant argues that Rule 59(e) motions should not be granted when the party filing such motion uses the motion as an "instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment." (Opposition at 3; *see Taylor v. Department of Justice*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003)). "A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (per curiam). "[N]or is [a Rule 59(e) motion] a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999)). In the instant case, alteration or amendment of this Court's judgment is unwarranted because Plaintiff's motion merely reiterates the same arguments that were raised in Plaintiff's underlying opposition to the motion for summary judgment and at the hearing on that motion, and considered by the Court during its review of the record in this case, which included Plaintiff's deposition transcript and responses to discovery requests. There is no indication that Plaintiff in this case had anything but a full and fair opportunity to define and explore his claim for age discrimination when he amended his Complaint on two occasions and engaged in discovery with Defendant.

"Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from a judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeirer v. Office of Baucus*, 153 F. Supp.2d 23, 28 (D.D.C. 2001). Plaintiff fails to meet this standard for alteration or amendment of this Court's March 17 Memorandum Opinion and Order. Plaintiff has not

demonstrated any "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice" to justify this Court's "reconsideration" of its Memorandum Opinion and Order. *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*)). Plaintiff focuses on the same facts and arguments that have already been considered by this Court when it determined that Plaintiff could not establish a *prima facie* case despite his personal belief that he experienced illegal age discrimination. Plaintiff further ignores the Court's finding, which was supported by overwhelming evidence in this case, that Defendant had legitimate business justification for terminating Plaintiff's employment.[4] Plaintiff's allegations that some undefined evidence (which his counsel allegedly did not obtain or use) may support his case is not a compelling argument that supports his Motion. Accordingly, it is this 28th day of May, 2008,

ORDERED that the Plaintiff's Motion [47] be and hereby is DENIED.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[4]Defendant discusses Attachments A through F, submitted with Plaintiff's Motion and notes that, these documents, if relevant, do not justify any alteration of the Court's judgment